# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Lee Anderson,        :
                                 :

                 Petitioner      :
                                 :

                  v.           :   No. 321 C.D. 2017
                                 :   Submitted: July 28, 2017

John Talaber, Esq., Secretary    :
and the Pennsylvania Board of     :
Probation and Parole,          :
                                 :

             Respondents   :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge[1]
               HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**               **FILED: September 20, 2017**

      Terry Lee Anderson petitions this Court for review of the February 17, 2017 determination of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal of a Board order that recommitted him as a convicted parole violator to serve 18 months backtime. For the reasons set forth below, we vacate the Board's order and remand this matter to the Board for further proceedings.

      On December 3, 2012, Anderson was released on parole from the State Correctional Institution at Chester; at the time of his release, Anderson had 1,371 days remaining on his original sentence and a parole violation maximum

---

[1] This decision was reached before Judge Hearthway's service with the Court ended on September 1, 2017.

date of September 4, 2016. (Certified Record (C.R.) 4-6, 48.) On August 12, 2014, the Coatesville Police Department arrested Anderson on new charges. (C.R. 10-12.) Bail was set on these new charges on August 14, 2014, which Anderson failed to post. (C.R. 15-16.) The Board issued a warrant to commit and detain Anderson on August 18, 2014. (C.R. 21.)

On March 3, 2015, Anderson pleaded guilty in the Court of Common Pleas of Chester County to one count of manufacture, delivery or possession of a controlled substance with intent to deliver.[2] (C.R. 15, 17.) On the same date as his guilty plea, Anderson was sentenced to 11 and ½ months to 23 months incarceration in Chester County Prison. (C.R. 22, 24.)

On March 16, 2015, the Board notified Anderson that it intended to hold a revocation hearing based on his conviction on new charges. (C.R. 27.) Anderson waived his right to a revocation hearing and counsel, and admitted his conviction on new charges. (C.R. 28-31.) By a decision mailed July 24, 2015, the Board recommitted Anderson to serve 18 months backtime when available following his release of his county sentence. (C.R. 40-41.) Following Anderson's completion from his county sentence, Anderson was released into the Board's custody on July 14, 2016. (C.R. 45, 48.)

By a decision mailed September 8, 2016, the Board referred to its previous recommitment of Anderson to serve 18 months backtime and set Anderson's new parole violation maximum date at April 15, 2020. (C.R. 46-47.) Petitioner, acting *pro se*, submitted an Administrative Remedies Form, including an attached Administrative Appeal form, dated September 27, 2016 challenging the Board's September 8, 2016 decision (the September 27, 2016 appeal); this

---

[2] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

2

document was stamped as received by the Board on September 30, 2016. (C.R. 53-61.) Petitioner submitted a subsequent Administrative Appeal of the Board's decision dated September 28, 2016, which was stamped as received by the Board on October 3, 2016 (the September 28, 2016 appeal). (C.R. 62-66.) The Board affirmed its earlier deterimination in a February 17, 2017 letter, stating that it had the authority to recalculate his parole violation maximum date and that, as a convicted parole violator, he was not entitled to credit for any period he was at liberty on parole. (C.R. 67.) Anderson filed a timely petition for review of the Board's decision.

Anderson, now represented by counsel, presents one issue on appeal to this Court, arguing that the Board erred in its recalculation of his parole violation maximum date and failure to state any reason for denying him credit for the time he spent at liberty on parole, or "street time."[3] Anderson cites our Supreme Court's recent decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), in which the Court held that, except in certain explicitly excluded categories of crimes, Section 6138(a) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138, requires the Board to articulate the basis for its decision to grant or deny a convicted parole violator credit for street time.[4]

It is clear from our review that this case squarely falls under *Pittman*. In *Pittman*, the Court addressed the effect of a 2012 amendment to Section 6138(a) of the Code; prior to this amendment, recommitment <u>without</u> credit for street time

---

[3] *See Dorsey v. Pennsylvania Board of Probation and Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. § 704; *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 684 n.3 (Pa. Cmwlth. 2011).

was mandatory. However, pursuant to the Act of July 5, 2012, P.L. 1050, language was added to paragraph 2 and a new paragraph 2.1 was added to Section 6138(a) giving the Board the discretion to give credit for time spent at liberty on parole except where a parolee commits a crime of violence or a crime that requires registration as a sexual offender under the Sexual Offender Registration and Notification Act[5] or where paroled subject to a federal removal order. The relevant provisions of Section 6138 now read as follows:

> (a) Convicted violators.--
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1),* shall be given no credit for the time at liberty on parole.
>
> *(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:*
>
>> *(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime*

---

[5] Sections 9799.10 to 9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10–9799.41.

4

> *requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).*
>
> *(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).*

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added).

In *Pittman*, the parolee, Kevin Pittman, was serving a two-to-four year sentence with a maximum date of December 9, 2013 when he was paroled on December 12, 2011. 159 A.3d at 468. In 2013, prior to the expiration of his maximum date, Pittman was arrested and charged with various criminal offenses and ultimately pleaded guilty to one count. *Id*. Pittman waived his right to a parole revocation hearing, and the Board recommitted Pittman as a convicted parole violator with no credit provided for street time. *Id*. at 468-69. On the hearing report form, which is used by the Board to detail the circumstances surrounding a parolee's parole revocation, a line states "Credit time spent at liberty on parole" with boxes for "Yes" and "No." *Id*. at 469. The Board checked the "No" box on Pittman's hearing report form and the Board provided no further explanation for its reason to deny him credit for street time. *Id*. Pittman filed a petition for administrative review of the decision, and the Board affirmed, concluding that "as a convicted parole violator [Pittman] automatically forfeited credit for all of the time that [he] spent on parole." *Id*.

On appeal to the Supreme Court, the Court concluded that Section 6138(a)(2.1) of the Code clearly and unambiguously grants the Board discretion to award a parolee recommitted as a convicted parole violator credit for street time, except when the parolee is recommitted for the reasons stated in subparagraphs (i) and (ii) of that provision. *Id*. at 473. Because Pittman was not recommitted under

5

subparagraphs (i) or (ii), the Supreme Court held that the Board abused its discretion when it stated in response to Pittman's petition for administrative review that it lacked discretion to give credit for street time. *Id*. at 473-74. Furthermore, the Board concluded that, though Section 6138(a)(2.1) does not contain an explicit requirement that the Board state its reasoning for granting or denying credit for street time, the guarantee in the Pennsylvania Constitution of a right to appeal from an administrative agency to a court of record[6] and basic notions of due process require that an appellate court hearing an administrative appeal must have a method to assess the Board's exercise of discretion. *Id*. at 474. The Court determined that checking "No" on the standard hearing report form was not sufficient and would render appellate review an empty formality. *Id*. Instead, the Court held that the Board must provide a contemporaneous statement explaining its reason for denying street time credit to a parolee recommitted as a convicted parole violator.[7] *Id*. at 474-75. The Supreme Court therefore vacated the Board's decision and remanded for further proceedings. *Id*. at 475.

In this matter, the Board recommitted Anderson as a convicted parole violator for the entire 1,371 days remaining on his original sentence as of his December 3, 2012 parole with no credit given for the time he spent at liberty from the date of his parole until his arrest on new charges in August 2014. The Board did not provide any contemporaneous explanation for its decision to not provide

---

[6] Pa. Const. art 5, § 9 ("...there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law....").

[7] The Court explained in a footnote that its holding does not limit the Board's broad discretion in making decisions affecting parolees, including whether to grant credit for street time, and the reason that the Board gives for its decision need not be lengthy, with a single sentence of explanation often being sufficient. *Pittman*, 159 A.3d at 475 n.12.

6

him credit and instead merely checked the "No" box on the section of the hearing report form that asks if credit should be given for street time. (C.R. 34.) Furthermore, Anderson did not commit a crime of violence or a crime requiring registration as a sexual offender and therefore the disqualifying categories in subparagraphs (i) or (ii) of Section 6138(a)(2.1) do not apply. Accordingly, the Board was empowered with the discretion to award Anderson credit on his recommitment for street time, and the Board abused its discretion by stating in its February 17, 2017 denial of Anderson's administrative appeal that he was not entitled to credit for street time as a result of his recommitment as a convicted parole violator. *Pittman*, 159 A.3d at 473-74. Furthermore, pursuant to *Pittman*, the Board's failure to issue a contemporaneous statement of its decision to deny Anderson credit for street time constitutes an abuse of discretion. *Id.* at 475.

Nevertheless, the Board argues that Anderson is not entitled to the relief under *Pittman* for two reasons. First, the Board contends that Anderson waived his right to challenge its failure to exercise discretion in recommitting him without credit for street time by not raising the issue in his petition for administrative relief. Issues that are not raised before the Board either at the revocation hearing or in the parolee's administrative appeal are waived and cannot be considered for the first time on appeal. Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). In his September 27, 2016 appeal,[8] Anderson asserted that the Board made a reversible

---

[8] The Board asserts that Anderson waived his *Pittman* argument because he did not argue that the Board abused its discretion by not providing credit for street time in the second September 28, 2016 appeal. (C.R. 62-66.) While Anderson's second appeal does not contain an argument that the Board failed to provide him credit for the time spent at liberty on parole, there was no finding by the Board that this second appeal document was controlling and the Board stated in its February 17, 2017 denial of Anderson's appeal that it was responding to both his first and second

7

error in its "failure to *credit time-spent in good-standing while on parole* from December 3, 2012, until his arrest and/or being taken into custody on new charges on August 14, 2014." (C.R. 57 (emphasis in original).) Anderson's appeal further argued that "the record does not show that Parolee had any...new nonviolent Act 122 of 2012 eligible charges to make him not in good-standing while on parole and not entitled to credit for his street time spent in good-standing from the time of his parole until the time of his new arrest." (C.R. 58.) We conclude that this appeal fairly encompasses the argument addressed in *Pittman*. While Anderson did not specifically argue that the Board committed an abuse of discretion by failing to give him credit for street time, Anderson argued that he was entitled to credit for the period he spent in good standing while at liberty on parole, citing the 2012 amendment to the Code that added paragraph (2.1) and noting that he was not recommitted for a criminal conviction of a criminal offense that would exclude him from eligibility for credit. Furthermore, the fact that Anderson raised the issue is evidenced by the Board's February 17, 2017 denial of his appeal, in which it explained that Anderson could not be given credit for street time because of the fact that he was recommitted as a convicted parole violator. (C.R. 67.)

The Board's second argument is that the holding of the Supreme Court in *Pittman* should not be applied retroactively to Anderson's case. As the Board acknowledges, the general rule when an appellate court recognizes a new rule of law is that the decision is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the change in the law. *In the Interest of L.J.*, 79 A.3d 1073, 1087 (Pa. 2013); *Walnut Street Associates, Inc. v.*

appeals. (C.R. 67.) Furthermore, to the extent that the Board were to elect to reject one appeal document over another, the Board maintains a procedural rule that authorizes it to ignore second and subsequent appeals and related correspondence. 37 Pa. Code § 73.1(a)(4), (b)(3).

*Brokerage Concepts, Inc.,* 20 A.3d 468, 479 (Pa. 2011); *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983). Whether a new rule is applied retroactively, however, is a matter of judicial discretion that may be exercised on a case-by-case basis. *L.J.*, 79 A.3d at 1087; *Walnut Street Associates,* 20 A.3d at 479. In considering whether to deviate from the general rule and only apply a new rule of law prospectively, a court must consider: (i) the purpose of the new rule, (ii) the extent of reliance by courts and litigants upon the old rule, and (iii) the effect the new rule of law will have on the fair administration of justice. *L.J.*, 79 A.3d at 1087; *Kendrick v. District Attorney of Philadelphia County,* 916 A.2d 529, 536 (Pa. 2007).

However, prior to determining whether the *Pittman* ruling should be limited to prospective application, we first must address as a threshold matter whether the Supreme Court announced a new rule of law in that case. The Supreme Court announces a new rule of law when it "issues a ruling that overrules prior law, expresses a fundamental break from precedent, upon which litigants may have relied, or decides an issue of first impression not clearly foreshadowed by precedent." *L.J.*, 79 A.3d at 1087 (quoting *Fiore v. White,* 757 A.2d 842, 847 (Pa. 2000)). In cases where the Supreme Court is construing a statute, a new rule of law is not created where the decision "adopts a view of the statute which was not wholly without precedent" or it involves the Court's first opportunity to construe the provision at issue. *Kendrick,* 916 A.2d at 537 (quoting *Commonwealth v. Eller,* 807 A.2d 838, 844 (Pa. 2002)); *see also Fiore,* 757 A.2d at 847-48. In cases where the Supreme Court is issuing its first ruling interpreting the specific statute, the Court's "first pronouncement on the substance of a statutory provision is purely a clarification of existing law" and the construction of the statute by the Court becomes a part of that statute from its enactment. *Kendrick,* 916 A.2d at 537

9

(quoting *Eller,* 807 A.2d at 844); *see also Fiore,* 757 A.2d at 848.  Furthermore, the fact that the Supreme Court decision overrules established intermediate appellate court precedent is irrelevant; as the Supreme Court has explained, if the decision in question "did not overrule, modify, or limit any previous case **from this Court** on the question," then the decision did not announce a new rule of law. *Kendrick,* 916 A.2d at 538 (quoting *Eller,* 807 A.2d at 844) (emphasis in original).

In *Pittman*, the Supreme Court addressed the statutory language of Section 6138(a)(2.1) of the Code which provides that the Board "may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole" except where a parolee commits a crime of violence, a crime that requires registration as a sexual offender or where he is paroled subject to a federal removal order.  The Supreme Court had never before interpreted paragraph 2.1 of Section 6138(a), which was added to the Code in 2012.  While the Supreme Court's decision in *Pittman* overruled an *en banc* decision of this Court, *see Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*), and implicitly overruled other decisions of this Court that had arrived at the same result, *see, e.g., Torres v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 1090 C.D. 2014, filed Apr. 10, 2015), the prior precedent of this Court is irrelevant to the issue of whether the Supreme Court announced a "new rule of law" in *Pittman*.  Because our Supreme Court's ruling in *Pittman* was the Court's first ruling on the issue, it was not a new rule of law which could be applied only prospectively for cases brought after the date of that decision and instead clarified the legislative meaning of paragraph 2.1 existing from the date it was first added to the Code in 2012.  *See Kendrick,* 916 A.2d at 535-39 (holding that an earlier Supreme Court decision interpreting the term "enterprise" from the Pennsylvania Corrupt Organizations Act (Pa. C.O.A.) was

10

the first instance in which the Court had addressed that question at issue and therefore the earlier ruling did not announce a new rule of law and "must be deemed to have merely explicated the meaning and scope of the term from the Pa. C.O.A.'s original enactment in 1973"); *Fiore,* 757 A.2d at 846-49 (holding that earlier Supreme Court decision which interpreted a criminal provision in the Solid Waste Management Act for the first time did not create a new rule of law but only clarified the meaning of that statute and furnishes the proper statement of law for the conviction under review in the latter case).

Accordingly, we conclude that the Board erred in determining that it lacked discretion to award credit for time spent at liberty on parole and abused its discretion under Section 6138(a)(2.1) of the Code by failing to conduct an individualized assessment of the facts related to Anderson's recommitment and failing to provide a contemporaneous statement describing its reason for denying his street time credit. We therefore remand this matter to the Board for further proceedings consistent with the Supreme Court's opinion in *Pittman*.


**JAMES GARDNER COLINS, Senior Judge**

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Lee Anderson,      :
     :
     Petitioner      :
     :
     v.      :      No. 321 C.D. 2017
     :
John Talaber, Esq., Secretary      :
and the Pennsylvania Board of      :
Probation and Parole,      :
     :
     Respondents      :

## **O R D E R**

AND NOW, this 20th day of September, 2017, the order of the Pennsylvania Board of Probation and Parole (Board) in the above-captioned matter is VACATED and this matter is REMANDED to the Board to consider whether Petitioner should receive credit for time at liberty on parole in conformity with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

Jurisdiction relinquished.

 

**JAMES GARDNER COLINS, Senior Judge**