# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Coffield,                                       :
                            Petitioner                 :
                                                       :
            v.                                         :    No. 1621 C.D. 2017
                                                       :    SUBMITTED: November 2, 2018
Pennsylvania Board of Probation and                    :
Parole,                                                :
                            Respondent                 :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                       FILED: January 17, 2019

Nelson Coffield (Petitioner) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) October 6, 2017, Order affirming in part and reversing in part its May 5, 2017, decision to recalculate Petitioner's maximum parole violation expiration date as February 20, 2023.[1] We vacate this Order and remand this matter to the Board for further consideration consistent with our Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

On January 11, 2007, Petitioner pled guilty in the Court of Common Pleas of Montgomery County (Trial Court) to criminal conspiracy and possession with intent to deliver (PWID), and was also found guilty of two counts of unlawful possession of a

---

[1] The Board initially recalculated Petitioner's maximum date as February 22, 2023, but subsequently modified this determination to set the maximum date as February 20, 2023. *See* Certified Record (C.R.) at 63-64, 77-80. This decision was "RECORDED ON APRIL 21, 2017" but was formally sent to Petitioner on May 5, 2017. *Id.* at 63-64.

controlled substance and two additional counts of PWID. C.R. at 1.[2] Thereafter, Petitioner was sentenced to an aggregate term of 6 to 12 years in prison, with a maximum parole violation date of April 7, 2018. *Id.* at 1-3. Petitioner was paroled on April 7, 2012. *Id.* at 5.

On March 3, 2016, Petitioner was arrested after a traffic stop, during which law enforcement officers discovered 59 narcotic pills and $840 in cash. Petitioner was subsequently charged with one count each of PWID, unlawful possession of a controlled substance, possession of drug paraphernalia, and operation of a motor vehicle with inoperative rear lights. *Id.* at 12-16. On September 21, 2016, Petitioner pled guilty to the PWID charge.[3] *Id.* at 27.

Consequently, on March 1, 2017,[4] the Board ordered Petitioner to be recommitted as a convicted parole violator (CPV) to serve 24 months of backtime, "pending sentencing [for the PWID] conviction and [Petitioner's] return to a State Correctional Institution [(SCI)]." *Id.* at 38. On April 10, 2017, Petitioner submitted an administrative remedies form in which he challenged the length of his recommitment and the amount of time credit the Board had given him for being detained since his March 3, 2016, arrest. *Id.* at 44-45.

On March 29, 2017, the Trial Court sentenced Petitioner to 3 to 8 years in state prison for the PWID conviction, with credit for time served between the date of his

---

[2] The Department of Corrections' "Sentence Status Summary" also indicates that Petitioner's probation, which was connected to a previous conviction for unlawful possession of a controlled substance, was revoked on January 11, 2007. However, it is not clear from the record when Petitioner committed this crime or when he was convicted. C.R. at 1.

[3] The remaining charges stemming from Petitioner's March 3, 2016 arrest were *nolle prossed* by the Montgomery County Office of the District Attorney. *Id.* at 40.

[4] This decision was mailed to Petitioner on March 3, 2017. *Id.* at 39.

arrest and that of his sentencing. *Id.* at 40-41. On May 5, 2017, the Board recalculated Petitioner's maximum parole violation date as February 22, 2023, but did not provide an explanation for why it had chosen to deny Petitioner credit for the nearly four years of street time he had accrued between his parole in 2012 and his arrest in 2016.[5] *Id.* at 63-64. On May 15, 2017, Petitioner sent Alan Robinson, Esquire, the Board's Chief Counsel, a letter stating:

> My name is Nelson Lateef Coffield[.] . . . I am currently incarcerated in SCI Graterford. I was paroled on 5/12/2012 [and] I was on parole when released until 2018. I caught new criminal charges on March 3, 2016 [and] a detainer was lodged against me on this same day from state parole. I was in [Montgomery County Correctional Facility] until I was sentenced on March 27, 2017 [sic] to a new 3-8 year state sentence. I received my green sheet on March 3, 2017 for charges [regarding which] I [had offered an] open guilty plea on Sept[ember] 21, 2016, which I received a 24[-]month parole hit for. I received a second green sheet on 5/11/17 stating my max [parole violation] date was changed from 4/7/18 to 2/22/2023. It says I owed 5 year[s,] 10 m[onths, and] 26 day[s] of backtime[.] [N]one of my street time was credited [nor] was the 14 month[s] of jail time I have [served] credited toward backtime. I would like an evidentiary hearing [and] was referred to write you to do so. Can you please tell me or guide me on steps I got to take or what I need to do to try to resolve the matters[?] [T]hank you for your concern.

*Id.* at 67.

Petitioner filed a second administrative remedies form on May 24, 2017, in which he challenged the Board's May 5, 2017, decision on numerous constitutional bases, claimed that the Board had improperly altered his judicially imposed sentence, and maintained that he was being detained pursuant to an illegal contract with the Board. *Id.* at 69-76.

---

[5] This decision was mailed to Petitioner on May 5, 2017. *Id.* at 64.

On October 6, 2017, the Board sent a letter to Petitioner, which responded to Petitioner's correspondence. *Id.* at 80. First, the Board informed Petitioner that it had deemed his first administrative remedies form, which he had mailed on April 10, 2017, to have been an untimely challenge to the Board's March 1, 2017, decision and, thus, that the Board was dismissing it as such without addressing the merits of the arguments offered therein. *Id.* Second, turning to Petitioner's more recent requests for relief, the Board stated that Petitioner was "required to serve the remainder of [his] original term and [was] not entitled to credit for any periods of time [he was] at liberty on parole," because Petitioner had been "recommitted as a convicted parole violator." *Id.* Third, the Board maintained that Petitioner could not receive credit for time served between his March 3, 2016, arrest and his March 29, 2017 sentencing, "because [he was] not detained solely by the Board during that period." *Id.*[6] Finally, the Board admitted that Petitioner's actual maximum parole violation date was February 20, 2023, not February 22, 2023, as the Board had originally calculated. *Id.* Consequently, the Board granted Petitioner's challenges in part, so as to correct this error, but otherwise denied his requests for relief. *Id.*[7]

On November 1, 2017, Petitioner submitted a *pro se* Petition to our Court. Therein, he argued that the Board had erred by choosing to "to take all time served on parole in 'good standing' and to only give him (2) two days credit towards his original

---

[6] Petitioner failed to post bail after his March 3, 2016 arrest and was consequently held in the Montgomery County Correctional Facility pending trial on the criminal charges stemming from that arrest. C.R. at 36.

[7] This letter substantially duplicated the Board's October 5, 2017, decision, through which it informed Petitioner that it had improperly calculated his maximum parole violation date "DUE TO TECHNICIAN ERROR" and that it was modifying its May 5, 2017, decision to reflect the correct maximum date of February 20, 2023, but was leaving the remainder of that decision unaltered. *See id.* at 77-79. The Board's October 5, 2017, decision was "RECORDED ON OCTOBER 2, 2017" but was not formally sent to Petitioner until October 5, 2017. *Id.* at 77.

sentence without conducting an individual assessment of the facts and circumstances surrounding his parole violation and revocation." Petition at 2. In addition, Petitioner claimed that the Board had improperly altered his judicially imposed sentence and, thus, violated his constitutional rights. *See id.* at 3.[8] As a result, Petitioner sought the reversal of the Board's decisions to deny him credit for his time at liberty on parole and to extend his maximum parole violation date to February 20, 2023. *Id.*

On November 8, 2017, we appointed the Public Defender of Huntingdon County to represent Petitioner. Counsel then entered his appearance on behalf of Petitioner on November 27, 2017, and subsequently filed an Application for Leave to Withdraw Appearance, as well as a no-merit letter, on February 16, 2018.[9] We denied Counsel's Application on May 22, 2018, deeming the attached no-merit letter to be inadequate for the following three reasons:

---

[8] Petitioner contends that the Board lodged a detainer against [P]etitioner and entered an appearance in a criminal matter that subjects [P]etitioner to a "hit" that causes [P]etitioner to do an extended period of time in a state correctional institution without a written assignment made within the written judgment of sentence order signed by the sentencing judge in which [P]etitioner is being illegally detained and has suffered a significant increase in punishment in vioaltion [sic] of the "ex post facto clauses" of the U.S. Constitution, Article 1, § 9, Clause 3, and U.S. Constitution, Article 1, § 10, Clause 1. GREGG V. GEORGIA, 428 U.S. 153 [(1976)]. Detention or changing/altering/extending a judicially imposed sentence constitutes a violation of due process and cruel and unusual punishment in violation of U.S. Constitution, Amendments 5, 8, and 14. ESTELLE V. GAMBLE, 429 U.S. 97, 97 S.Ct. 285 (1976).

Petition at 3.

[9] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

First, Counsel repeatedly referenced and based the entirety of his legal analysis and conclusions upon the Parole Act,[10] despite the fact it was repealed by our General Assembly more than 8½ years ago through the Act of August 11, 2009, P.L. 147, and replaced by the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§ 101-6153. Second, there are material differences between the Parole Act and Parole Code. For example, *as Petitioner himself pointed out in his pro se Petition*, the Parole Code vests the Board with discretion, in certain situations, to award a convicted parole violator with credit for time spent at liberty on parole. *See* Petition at 2 (citing *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017) and 61 Pa. C.S. § 6138(a)(2.1)). Third, Counsel does not address or analyze either of the issues Petitioner raised in his *pro se* Petition in a satisfactory or legally accurate manner, specifically that the Board: 1. Erred by failing to credit Petitioner for "all time served on parole in 'good standing' and . . . only giv[ing] him (2) two days credit towards his original sentence without conducting an individual assessment of the facts and circumstances surrounding his parole violation and revocation"; and 2. Violated a number of Petitioner's constitutional rights by improperly altering his judicially imposed sentence. Petition at 2-3.

*Coffield v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1621 C.D. 2017, filed May 22, 2018), slip op. at 8-9 (*Coffield I*) (emphasis in original). We denied the Application for Leave to Withdraw Appearance without prejudice and gave Counsel 30 days to file an Amended Application for Leave to Withdraw Appearance and revised no-merit letter, or a substantive brief in support of Petitioner's Petition. Commonwealth Court Order, May 22, 2018, at 1.

Counsel chose the latter option, submitting an Amended Application for Leave to Withdraw Appearance and a revised no-merit letter on June 25, 2018. We again denied his request on August 9, 2018, finding that the revised no-merit letter was still insufficient on technical grounds:

---

[10] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.1–331.34a (repealed).

In contravention of our well-established case law, Counsel appears to have ignored the substance of Petitioner's Petition, addressing claims in his no-merit letter that Petitioner failed to preserve for our review (such as Petitioner's double jeopardy and illegal contract arguments), while completely disregarding other claims that Petitioner actually raised in his Petition (such as the Board's failure to explain its reasons for revoking Petitioner's street time credit and the Board's violation of the *ex post facto* clauses [of the United States Constitution]). *Compare* Amended Application, Ex. B at 1-7 with Petition at 1-3; *see Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). This is inexplicable, given that we clearly summarized Petitioner's claims and advised Counsel that he neglected to properly address them in *Coffield I. See Coffield I*, slip op. at 8-9.

*Coffield v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1621 C.D. 2017, filed Aug. 9, 2018), slip op. at 11-12 (*Coffield II*) (footnote omitted). We gave Counsel an additional 30 days to file a Second Amended Application for Leave to Withdraw Appearance and a revised no-merit letter, or a substantive brief in support of Petitioner's Petition. Commonwealth Court Order, August 9, 2018, at 1.

This time, Counsel chose the latter option, submitting his Brief for Petitioner on September 7, 2018. Therein, Counsel argued that the Board had abused its discretion by failing to provide an explanation for why it had declined to give Petitioner credit for time served at liberty on parole between his 2012 release from state prison and his subsequent arrest in 2016, in violation of Subsection 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1).[11] Br. for Petitioner at 24-26. In addition, Counsel claimed

---

[11] Subsection 6138(a) of the Parole Code reads, in pertinent part:

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time

7

that the Board had violated the *ex post facto* clauses of both the Pennsylvania Constitution and United States Constitution by extending his maximum date, which Counsel maintained improperly increased Petitioner's 2007 judicially imposed sentence. *Id.* at 26-27.

The Board responded on October 9, 2018, concurring with Counsel that it committed error by not articulating its basis for denying Petitioner credit for street time. Br. for Respondent at 8. However, the Board disputed the validity of Counsel's *ex post facto* clause argument, stating that it was well-settled that it had statutory authority to order a parole violator to serve backtime and to extend a violator's maximum date, neither of which altered a violator's judicially imposed carceral sentence or infringed upon a violator's constitutional rights. *Id.* at 9-10. Consequently, the Board requested that Petitioner's Petition for Review be granted in part, for the limited purpose of remanding the matter to the Board so that it could offer an explanation for why it had

---

thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under [61 Pa. C.S. § 6138(a)(2.1)], shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under [61 Pa. C.S. § 6138(a)(2)] for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a).

refused to award credit to Petitioner for the time he had served at liberty on parole. *Id.* at 8, 13.

We agree with both parties that this matter must be remanded, due to the Board's failure to abide by the requirements of Subsection 6138(a)(2.1). As our Supreme Court recognized in *Pittman*, the Board has discretionary power to grant credit to a CPV for time served at liberty on parole, except in a handful of circumstances that are not relevant to this matter, but must provide a suitable, contemporaneous explanation when it declines to make such an award. 159 A.3d at 473-75. Given that the Board did not articulate such an explanation, it abused its discretion by refusing to grant credit to Petitioner for street time.

Furthermore, we disagree with the Board's position that this mistake can be corrected by simply remanding this matter, in order to allow the Board to craft a *post hoc* justification for denying Petitioner credit for time served at liberty on parole. Neither the Board's May 5, 2017, decision nor its October 5, 2017, decision shed light upon the Board's basis for this denial. *See* C.R. at 63-64. However, the Board explicitly stated in its October 6, 2017, Order that "Because [Petitioner was] recommitted as a [CPV], [he was] required to serve the remainder of [his] original term and [was] not entitled to credit for any periods of time [he was] at liberty on parole. 61 Pa. C.S. § 6138(a)(2)." C.R. at 80. This shows that the Board's failure to offer the requisite explanation was not a mere omission, but rather was produced by the Board's misreading and mechanical misapplication of the law.

Therefore, given that the Board did not conduct the necessary deliberative process when considering whether to award Petitioner credit for street time, we vacate the Board's October 6, 2017, Order denying Petitioner's requests for administrative relief, in full. Furthermore, we remand this matter to the Board, with instructions that it carefully consider whether, given the factual circumstances, Petitioner is entitled to

9

credit for time served at liberty on parole and, in addition, that it provide a sufficient explanation for the resultant decision.[12] *See Pittman*, 159 A.3d at 468 (Board's incorrect conclusion that it did not have discretion to award credit to CPV for street time violated Subsection 6138(a)(2.1), necessitating vacating the challenged Board decision and a remand for further proceedings).[13]

_____
ELLEN CEISLER, Judge

---

[12] Though *Pittman* was issued five days after the Board's April 21, 2017, decision, its holding must be applied both prospectively and retroactively. *See Anderson v. Talaber*, 171 A.3d 355, 362 (Pa. Cmwlth. 2017).

[13] As we have resolved this dispute in favor of Petitioner, we need not address his argument that the Board's calculation of his maximum date violated the *ex post facto* clauses of both the Pennsylvania and United States Constitutions.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Coffield, :
                Petitioner :
                 :
        v. : No. 1621 C.D. 2017
                 :
Pennsylvania Board of Probation and :
Parole, :
                Respondent :

O R D E R

AND NOW, this 17th day of January, 2019, it is hereby ORDERED that the Pennsylvania Board of Probation and Parole's (Board) October 6, 2017 Order denying Petitioner's requests for administrative relief, is VACATED. It is FURTHER ORDERED that this matter is remanded to the Board for consideration consistent with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge