# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Brown,                      :
                 Petitioner      :
                                          :
        v.                               :   No. 710 C.D. 2018
                                          :   Submitted:  October 19, 2018
Pennsylvania Board of                   :
Probation and Parole,                   :
                Respondent      :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED:  January 25, 2019**

Petitioner Christopher Brown (Brown) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated May 11, 2018, which affirmed a decision of the Board recorded on July 24, 2017, thereby rejecting Brown's request for administrative relief, in which he sought to challenge the Board's recalculation of his parole violation maximum date.  For the reasons set forth below, we now vacate and remand the matter for the issuance of a new decision.

Brown had been incarcerated at a State Correctional Institution when the Board granted him parole by notice dated December 9, 2011.  (Certified Record (C.R.) at 12.)  Brown was officially released from confinement on April 19, 2012.

(*Id.* at 14.) At the time of his parole, Brown had a maximum sentence date of June 24, 2014. (*Id.* at 12.)

On September 27, 2012, Brown was arrested and charged with drug-related offenses. (*Id.* at 19.) That same day, the Board lodged a detainer against Brown. (*Id.* at 17.) On January 30, 2013, Brown was sentenced to 24-48 months' incarceration. (*Id.* at 20.) By decision dated April 30, 2013, the Board recommitted Brown as a convicted parole violator to serve 18 months' backtime. (*Id.* at 19.) In so doing, the Board recalculated Brown's maximum sentence date as May 25, 2015. (*Id.*)

By Board action recorded on September 5, 2014, the Board granted Brown reparole. (*Id.* at 22.) Brown was released from confinement on September 20, 2014. (*Id.* at 24.)

It appears that Brown must have been recommitted thereafter, because, by Board action recorded on December 18, 2015, the Board again reparoled Brown and set his maximum parole date as March 31, 2018. (*Id.* at 30-31.) On April 4, 2016, Brown was released from incarceration. (*Id.* at 32.)

On December 11, 2016, Brown was arrested and charged with driving under the influence (DUI) and other driving-related offenses. (*Id.* at 44.) That same day, the Board lodged a detainer against Brown. (*Id.* at 47.) On May 4, 2017, Brown was convicted of DUI and was sentenced to 30 days to 6 months' incarceration.[1] (*Id.* at 59-60.) The Court of Common Pleas of Delaware County gave credit for the 30-day period of December 11, 2016, to January 10, 2017, and granted Brown immediate parole. (*Id.* at 59.)

---

[1] Further, Brown admitted before the Board to being convicted for DUI and violating the terms of his parole. (R.R. at 57.) He also waived a revocation hearing on the matter. (*Id.*)

2

By Board action recorded on July 24, 2017, the Board recommitted Brown as a convicted parole violator to serve 6 months' backtime. (*Id.* at 78.) The Board also recalculated Brown's maximum sentence date as April 30, 2019. (*Id.*)

Brown filed a request for administrative relief with the Board, challenging the Board's recalculation of his maximum sentence date. (*Id.* at 87.) Specifically, Brown argued that he should have been eligible for reparole in July because he received time served for his DUI sentence, and, as such, he should have been credited on his original sentence for the remainder of the time he spent incarcerated. (*Id.*) Brown filed a supplemental request for administrative relief, explaining further that he should be credited with 12 months at liberty in light of our decision in *Anderson v. Talaber*, 171 A.3d 355 (Pa. Cmwlth. 2017). (*Id.* at 90.) Brown sent another letter to the Board, arguing that his time should be recalculated to credit him with 14 months' backtime in light of the fact that the only thing keeping him in custody after he was sentenced with time served for his DUI was the Board's detainer. (*Id.* at 92.) By letter mailed May 11, 2018, the Board denied Brown's challenge. (*Id.* at 95.) In so doing, the Board stated that it could not accept Brown's supplemental request for administrative relief and subsequent letter. As to the merits, the Board merely stated: "After further review of your case, it was determined there is no indication the Board failed to properly recalculate your maximum date and your request for relief is denied." (*Id.*)

Brown then filed the instant petition for review, arguing: (1) the Board has failed to credit him with all the time due while incarcerated; (2) the evidence was insufficient as a matter of law to find Brown in violation of his parole; (3) the Board erred in failing to use discretion in determining his eligibility to receive credit for the time spent at liberty on parole from April 4, 2016, to December 11, 2016, and

3

in failing to comply with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), which requires the Board to provide a reason for its denial of credit of street time; (4) the Board abused its discretion in failing to award credit for the time at liberty on parole given that his DUI conviction was neither a crime of violence nor a crime requiring registration for sexual offenders as set forth in 61 Pa. C.S. § 6138(a)(2.1); and (5) the Board erred in extending his maximum date where that date was set by the Court of Common Pleas of Delaware County.

Section 507 of the Administrative Agency Law, 2 Pa. C.S. § 507, provides: "All adjudications of a Commonwealth agency shall be in writing, *shall contain findings and the reasons for the adjudication*, and shall be served upon all parties or their counsel personally, or by mail." (Emphasis added.) Based upon the record before the Court, we must conclude that the Board's decision does not meet the requirements of Section 507, as it does not explain the reasons for the Board's determination that it properly calculated Brown's maximum sentence date. The Court, therefore, is unable to engage in effective appellate review.

Accordingly, we vacate the Board's decision and remand the matter to the Board for the issuance of a decision that sets forth the basis for its determination that the Board properly calculated Brown's maximum sentence date.

P. KEVIN BROBSON, Judge

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Christopher Brown,                           :
                              Petitioner     :
                                             :
        v.                                   :     No. 710 C.D. 2018
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :
                              Respondent     :

## **O R D E R**

AND NOW, this 25th day of January, 2019, the order of the Pennsylvania Board of Probation and Parole (Board) is VACATED, and the matter is REMANDED to the Board for the issuance of a new decision.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge