IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert McGrath,                         :
                    Petitioner          :
                                        :
        v.                              :    No. 712 C.D. 2018
                                        :    SUBMITTED:  February 15, 2019
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  October 10, 2019

Petitioner Robert McGrath petitions for review *nunc pro tunc* of Respondent Pennsylvania Board of Probation and Parole's (Board) March 23, 2018 ruling affirming its October 18, 2016 decision recommitting McGrath as a convicted parole violator (CPV) to serve two years, one month, and six days of backtime. After thorough consideration, we affirm the challenged ruling in part and vacate it in part, and remand this matter to the Board for further consideration consistent with our Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

On January 15, 2013, McGrath pleaded guilty in the Court of Common Pleas of Bradford County (Trial Court) to one count each of driving under the influence and driving while operating with a suspended or revoked license. McGrath received an aggregate sentence of 1 year, 2 months, and 29 days-to-4 years in state prison.

Certified Record (C.R.) at 1. McGrath was paroled on April 2, 2014, at which point his maximum date was November 9, 2016. On June 29, 2014, McGrath was arrested and charged with two counts of disorderly conduct, two counts of criminal trespass, and one count of public drunkenness. *Id.* at 5, 20. McGrath was arraigned on July 7, 2014 and released on nonmonetary bail that same day, but bail was revoked after his parole officer found McGrath passed out from alcohol intoxication during a routine check of McGrath's residence on October 10, 2014. *Id.* at 20. On December 4, 2014, McGrath pleaded guilty to one count each of disorderly conduct and public drunkenness. The Trial Court then sentenced McGrath to 4-to-12 months' imprisonment, to be served consecutively to his January 2013 sentence. *Id.* at 3.[1]

On April 10, 2015, McGrath was paroled from his January 2013 sentence, at which point he began serving his December 2014 sentence. *Id.* at 37. He was transferred to a community corrections center on October 7, 2015, whereupon he was released to an approved home plan the following day. *Id.* On November 10, 2015, McGrath was again arrested during the early morning hours, when local police officers found a violently belligerent, intoxicated McGrath outside his residence, which was "engulfed in flames[.]" *Id.* at 12-15. That same day, the Board ordered that McGrath be detained for 48 hours, due to violations of his parole terms. *Id.* at 10. On November 11, 2015, McGrath was charged with two counts of arson in Athens Borough, after which the Board lodged another detainer upon him. *Id.* at 11,

---

[1] Some of these facts pertaining McGrath's June 29, 2014 arrest, subsequent plea, and sentencing are drawn from relevant criminal records, which can be found under docket number CP-08-CR-0000554-2014. We are permitted to take judicial notice of this information. *See, e.g.*, Pa. R.E. 201(b)(2); *Doxsey v. Com.*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996).

37.[2] On May 31, 2016, McGrath pleaded no contest to one count of reckless burning or exploding and was subsequently sentenced by the Trial Court on August 15, 2016, to serve 12-to-24 months, consecutive to his previous sentences. *Id.* at 38, 44, 55-56.[3]

McGrath waived his right to a parole violation hearing and admitted to the veracity of his most recent conviction. *Id.* at 23-24. On August 29, 2016, the Board ordered McGrath to serve the remainder of his unexpired January 2013 sentence as backtime without specifying the precise length of the imposed backtime, nor the beginning and end dates for its service. The Board merely noted that recommitment would occur once McGrath was "available[.".]  *Id.* at 53. On October 18, 2016, the Board issued another decision specifying that the remaining time left on McGrath's January 2013 sentence was two years, one month, and six days, that McGrath was returned to the Board's custody on August 16, 2016, and calculated his new maximum date as September 24, 2018. *Id.* at 57, 60. Without explanation, the Board elected not to award credit to McGrath for time served at liberty on parole. *See id.* at 24-31, 57-58, 60 (Board's parole violation hearing report, order to recommit, and October 18, 2016 decision).

Over the next 17 months, McGrath repeatedly sought to challenge this decision at the administrative level. On October 18, 2016, McGrath sent a *pro se* administrative remedies form to the Board, on which he checked the "Sentence

---

[2] McGrath was unable to make bail and, thus, was detained on both the Board's warrant and pending resolution of these new charges. *See* C.R. at 39. On January 11, 2016, the Board formally ordered McGrath detained pending resolution of these charges. *Id.* at 22.

[3] In connection with the plea agreement, the Trial Court granted the Commonwealth of Pennsylvania's request "[w]ith no objection, to amend the information to add a count of Reckless Burning or Exploding, 18 Pa. C.S.A. §3301(d)(l), a felony of the third degree." *Id.* at 38.

Credit Challenge" box on the form and claimed that the Board had miscalculated his maximum date on the January 2013 sentence by failing to give him credit for time spent in Bradford County Jail between November 10, 2015, and September 8, 2016. *Id.* at 61.[4] On November 10, 2016, McGrath sent another administrative remedies form to the Board.[5] He again checked the "Sentence Credit Challenge" box on the form, and explained in an attached narrative statement that he believed the Board had erroneously failed to credit him for time served at liberty on parole between April 10, 2015, and October 9, 2015, and had therefore unlawfully extended his maximum date. *Id.* at 63-68. On October 4, 2017, McGrath sent a third administrative remedies form to the Board inquiring as to the status of his previous forms and requested reparole. *Id.* at 69-70. On January 30, 2018, McGrath sent a letter to the Board, recapitulating his prior arguments and specifying that he was requesting 6-to-13 months' credit. McGrath wanted this credit to be primarily applied towards the remaining time left on his January 2013 sentence. *Id.* at 71-73. On March 12, 2018, McGrath sent a fourth administrative remedies form to the Board asserting that the Board erred by failing to give him credit for seven months of time served at liberty on parole when he was a technical parole violator, as well as six months of time during which he was incarcerated in state prison. *Id.* at 74-76.

---

[4] It appears that McGrath was somehow able to get a copy of the Board's October 18, 2016 decision, which was recorded on October 3, 2016, prior to its mailing, prompting him to coincidentally file his form on the same day this decision was mailed to him. *See, e.g., id.* at 71 (letter from McGrath to the Board, in which he stated that his administrative remedies form challenged the Board's October 3, 2016 decision).

[5] When McGrath filed his second form, he was represented by Chief Public Defender David Crowley, Esquire, of the Centre County Public Defender Office, but was thereafter *pro se*. *See id.* at 63-75.

On March 23, 2018, the Board issued a ruling affirming its October 18, 2016 decision. According to the Board, McGrath was not entitled to any credit for time served at liberty on parole, because he was a CPV, leaving him with an unexpired term on his January 2013 sentence of 769 days. *Id.* at 77. In addition, the Board explained that it could not give him credit for the period of presentence incarceration between November 11, 2015, and August 15, 2016, as he was being held both on the Board's detainer and the unpaid bail on the newer charges. *Id.* The Board did, however, find that McGrath should have been given one day of credit, since he was held solely on the Board's detainer between November 10 and November 11, 2015. *Id.* at 77. Finally, the Board noted that backtime service cannot start until a parolee is formally declared a parole violator, which did not occur in this matter until August 16, 2016. *Id.* The Board consequently concluded it had correctly calculated McGrath's maximum date, as September 24, 2018 was 769 days after August 16, 2016. *Id.*

On appeal,[6] McGrath raises essentially two arguments. First, the Board erred by failing to explain why it declined to give him credit for time served at liberty on parole.[7] Second, the Board improperly extended his maximum date by failing to give

---

[6] On May 24, 2018, McGrath sought leave to file a petition for review *nunc pro tunc*, to which the Board offered no objection. *See* Petition for Review *Nunc Pro Tunc* at 1-3. Our Court granted McGrath leave to file his petition *nunc pro tunc* on June 22, 2018, via *per curiam* order.

[7] Subsection 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) states:
> The [B]oard may, in its discretion, award credit to a parolee recommitted under [Subsection 6138(a)](2) [of the Parole Code] for the time spent at liberty on parole, unless any of the following apply:
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under

him credit for such time served between April 10, 2015, and October 9, 2015. *See* McGrath's Br. at 5-11. In response, the Board argues that McGrath waived his ability to challenge the Board's failure to offer such an explanation, as he did not raise this challenge at the administrative level. Board's Br. at 7. The Board also maintains that McGrath was actually on constructive parole[8] between April 10, 2015, and October 9, 2015, rather than at liberty on parole. *Id.* at 7-8.

Here, the recalculated maximum date on McGrath's original January 2013 sentence was September 24, 2018. Therefore, it appears that McGrath has already completed the full term of that sentence. As this Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet

---

42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
(ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

Our Supreme Court has held that, "in order to effectuate the dictates of the Pennsylvania Constitution, to honor the basic notions of due process, and to comport with the intent of the General Assembly in enacting Subsection 6138(a)(2.1), . . . the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475.

[8] "A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence." *Spruill v. Pa. Bd. of Prob. & Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017).

likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.*

In the instant matter, we note that McGrath is still currently incarcerated at State Correctional Institution - Waymart. *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited September 5, 2019). By law, McGrath must have first completed the backtime imposed by the Board pertaining to his original January 2013 sentence before starting to serve his more recent 2016 state sentence. *See* 61 Pa. C.S. § 6138(a)(5)(i). However, if McGrath's claims are accurate (*i.e.*, the Board did not properly explain why it declined to give him credit for street time and incorrectly calculated his maximum date by virtue of not giving him such credit), then it is possible that the Board may have erroneously impeded McGrath's ability to start serving his 2016 sentence and, thus, improperly delayed his ultimate release from state custody. Consequently, we find that McGrath may "suffer some detriment without [our] court's decision[,]" *Taylor*, 746 A.2d at 674. For this reason, McGrath's arguments are thus reviewable under an exception to the mootness doctrine.

Preliminarily, we find that McGrath did not waive his claim that the Board failed to provide a proper, contemporaneous explanation for why it declined to give him credit for time served at liberty on parole. Given that McGrath specifically indicated to the Board that he was making a sentence credit challenge and took issue with the Board's failure to credit him for time served at liberty on parole, he has preserved this issue for our consideration. *See Johnson v. Pa. Bd. of Prob. & Parole*, 206 A.3d 88, 93-94 (Pa. Cmwlth. 2019) (checking sentence credit challenge box on administrative remedies form, coupled with disputing Board's time calculations, preserved *Pittman* claim for appellate review); *Anderson v. Talaber*, 171 A.3d 355,

7

361 (Pa. Cmwlth. 2017) (a claim that the Board improperly failed to award credit for time served at liberty on parole "fairly encompasses the argument addressed in *Pittman*").

We also note that both the Board's October 18, 2016 decision and McGrath's October 18, 2016 administrative remedies form were mailed before *Pittman* was decided on April 26, 2017, while the Board's March 23, 2018 ruling affirming the October 18, 2016 decision was issued after *Pittman*. This fact pattern is similar to that of *Plummer v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1484 C.D. 2017, filed May 14, 2018), 2018 WL 2187872.[9] In *Plummer*, we reasoned that

> [s]ince applicable law did not require the Board to explain its credit decision when Plummer filed his administrative appeal, he did not question the Board's lack of explanation.
> . . .
> Therefore, the petition for review was Plummer's earliest opportunity to question the denial of credit for time spent at liberty on parole based on the Board's failure to explain its credit decision.

Slip op. at 7-8, 2018 WL 2187872 at *3-4. Like Plummer, McGrath's first chance to specifically invoke the holding of *Pittman* came when he filed his Petition for Review *Nunc Pro Tunc*, which provides another basis for deeming the Board's waiver argument to be without merit.[10]

---

[9] *See* Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008 may be cited for their persuasive value).

[10] Though, as we have already noted, McGrath sent multiple administrative remedies forms and a letter to the Board between October 18, 2016, and March 12, 2018, the Board's administrative regulations only afford a 30-day window for administrative challenges and impose a limit of one administrative challenge per parole revocation decision. *See* 37 Pa. Code § 73. 1(a)-

8

Turning to the substance of McGrath's arguments,[11] we agree with McGrath that the Board failed to abide by the Parole Code's dictates regarding withholding credit from a CPV for time served at liberty on parole. As our Supreme Court recognized in *Pittman*, in certain circumstances the Board has discretionary power via the Parole Code to grant such credit, but must provide a contemporaneous and reasonable explanation if it declines to make such an award. 159 A.3d at 473-75. Given that the Board did not articulate such an explanation, and instead concluded that McGrath was not entitled to credit for time served at liberty on parole because he was a CPV, it abused its discretion and committed an error of law.

Consequently, we affirm the Board's March 23, 2018 ruling in part, with regard to the Board's decision to recommit McGrath as a CPV, and vacate this ruling in part, to the extent the Board failed to explain why it did not award McGrath credit for time served at liberty on parole.[12] Furthermore, we remand this matter to the Board, with instructions that it consider whether, given the factual circumstances, McGrath is entitled to credit for time served at liberty on parole and, in addition, that it provide a sufficient explanation for the resultant decision.[13] *See Pittman*, 159 A.3d

---

(b). Therefore, McGrath could not have properly raised a *Pittman* argument before the Board between when our Supreme Court ruled upon that case and when the Board issued its decision on October 18, 2016.

[11] Our standard of review in this matter is limited to determining whether the Board violated McGrath's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[12] Because we dispose of McGrath's appeal via his *Pittman* claim, we need not address the merits of his remaining argument.

[13] Though *Pittman* was issued after the Board's October 18, 2016 decision, its holding must be applied both prospectively and retroactively. *See Anderson*, 171 A.3d at 362.

at 468 (Board's incorrect conclusion that it did not have discretion to award credit to CPV for street time violated Subsection 6138(a)(2.1) of the Parole Code, an error which required the challenged Board decision to be vacated, as well as a remand for further proceedings).[14]

_____
ELLEN CEISLER, Judge

---

[14] Furthermore, we cannot excuse the Board's egregious, 17-month delay in ruling upon McGrath's administrative remedies forms, by virtue of which the Board effectively ran out most of the clock on McGrath's 2013 sentence. Though we recognize that the Board has limited manpower to deal with the volume of administrative challenges which it receives, we remind the Board that it must nonetheless fulfill its statutory duties, and its obligations to those under its supervision, with diligence and reasonable promptitude. As the founder of our Commonwealth once recognized, "to delay Justice is Injustice." WILLIAM PENN, SOME FRUITS OF SOLITUDE 86 (Headley Bros. 1905) (1693).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert McGrath,
    Petitioner    :

    :

  v.      : No. 712 C.D. 2018
        : Submitted: February 15, 2019
Pennsylvania Board of Probation :
and Parole,      :
    Respondent   :

# **O R D E R**

AND NOW, this 10th day of October, 2019, it is hereby ORDERED that the Pennsylvania Board of Probation and Parole's (Board) March 23, 2018 ruling, through which it denied Petitioner Robert McGrath's requests for administrative relief and affirmed its October 18, 2016 decision, is AFFIRMED IN PART, with regard to the Board's decision to recommit McGrath as a convicted parole violator, and VACATED IN PART, to the extent the Board failed to explain why it did not award McGrath credit for time served at liberty on parole. It is FURTHER ORDERED that this matter is remanded to the Board for consideration consistent with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge

Robert McGrath, : 
               Petitioner : 
                : 
                :   No.  712 C.D. 2018
         v. : 
                :   Submitted:  February 15, 2019
Pennsylvania Board of Probation : 
and Parole, : 
               Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

DISSENTING OPINION
BY JUDGE McCULLOUGH                   FILED:  October 10, 2019

Respectfully, I believe the Majority's reliance on the appearance of Robert McGrath's name on the Department of Corrections' (DOC) inmate locator as an exception to the mootness doctrine is misplaced.

As the Majority aptly recognized, the expiration of a parolee's maximum term renders an appeal of a Pennsylvania Board of Probation and Parole (Board) revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for us to grant the requested relief. *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (en banc). In the present case, the record shows that McGrath's parole violation maximum sentence date expired on September 24, 2018.

Nevertheless, the Majority *sua sponte* takes judicial notice of information contained on DOC's inmate locator, which shows that McGrath remains incarcerated at the State Correctional Institution – Waymart. Aside from raising this issue *sua sponte,* there are other problems with using this inmate locator. First, it does not set forth the reasons for McGrath's incarceration, *i.e.*, the nature of the sentence resulting in this incarceration.

Additionally, the inmate locator website referenced by the Majority contains a disclaimer, which states, *inter alia*, that:

> The Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole update this information daily to ensure that it is complete and as accurate as possible. Information other than an inmate number/parole number, institutional assignment/district office and committing county/county of residence is **furnished by sources other than the Department/Board and is not independently verified**.

Inmate Locator, PA. DEP'T OF CORRECTIONS, http://inmatelocator.cor.pa.gov (last visited September 16, 2019) (emphasis added). As to judicial notice, Rule 201(b)(2) of the Pennsylvania Rules of Evidence provides, in relevant part, that "[t]he court may judicially notice a <u>fact that is not subject to reasonable dispute</u> because it . . . <u>can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned</u>." Pa.R.E. 201(b)(2) (emphasis added). The disclaimer on the website here notes that it contains information from other sources which are not independently verified and thus raises the serious question of accuracy.

Given this disclaimer, the fact that neither party has requested that this Court take judicial notice of such information, and that it conflicts with the

information contained within the certified record, this Court should not rely on the inmate locator as a basis for finding an exception to the mootness doctrine.

While I agree with the Majority that McGrath did not waive his claim that the Board "failed to provide a proper, contemporaneous explanation for why it declined to give him credit for time served at liberty on parole" in accordance with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), Majority, slip op. at 7, at most this warrants a remand to the Board to provide such an explanation, as the Majority so directed.

Hence, I respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge