IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan Manigo, :
          Petitioner :
           :
     v. : No. 1125 C.D. 2018
           : SUBMITTED: January 25, 2019
Pennsylvania Board of Probation and :
Parole, :
          Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: June 26, 2019

Nathan Manigo (Petitioner) petitions for review from the Pennsylvania Board of Probation and Parole's (Board) June 26, 2018, ruling, affirming its April 7, 2017, decision wherein the Board recommitted Petitioner to serve 22 months and 26 days as a convicted parole violator (CPV) and recalculated his maximum parole violation date as January 26, 2019. We affirm in part and vacate and remand in part.

The relevant facts are as follows. On January 3, 2014, Petitioner pled guilty in the Court of Common Pleas of Lackawanna County (Trial Court) to one count of Possession with Intent to Deliver, for which he was sentenced to two to four years in state prison. Certified Record (C.R.) at 1-3. Petitioner was subsequently paroled by the Board on February 23, 2015, at which point his maximum date was January 18, 2017. *Id.* at 4-9.

Thereafter, on January 8, 2016, Petitioner was arrested in Scranton, Pennsylvania, and charged with two counts of Possession with Intent to Deliver, and other related charges. *Id.* at 10-14, 16-17. Petitioner failed to make bail after his January 8, 2016, arrest and remained in Lackawanna County Prison through the date of his sentencing on the new charges. *See* C.R. at 16-17, 20, 23, 27-32. On the same day of his arrest, the Board lodged a detainer against Petitioner. *Id.* at 15. On December 14, 2016, Petitioner pled guilty in the Trial Court to one count of Possession with Intent to Deliver. *Id.* at 29. On December 28, 2016, Petitioner waived his right to a parole revocation hearing before the Board, as well as to representation by counsel, and admitted to the Board that he had been convicted of this crime and that this conviction violated the terms of his parole. *Id.* at 38.

On March 2, 2017, the Trial Court sentenced Petitioner to 21 to 42 months in state prison, with credit for 419 days in presentence custody. *Id.* at 49. On April 7, 2017, the Board issued a decision through which it ordered Petitioner to be recommitted as a CPV and to serve the remainder of the time left on his 2014 sentence, which at that point was 1 year, 10 months, and 26 days. *Id.* at 55. The Board did not explicitly address in the April 7, 2017, decision itself whether it had declined to award Petitioner credit for street time. However, it appears that the Board offered an implicit explanation, as it recalculated his maximum parole violation date as January 26, 2019, and justified the length of the backtime imposed by stating it was due to "[Petitioner's] CONVICTION IN A COURT OF RECORD ESTABLISHED. [Petitioner] NOT AMENABLE TO PAROLE SUPERVISION." *Id.* at 55-56. In addition, the Board's Hearing Report contains a line reading "**BOARD ONLY** – Credit time spent at liberty on parole[,]" with the check box for "No" ticked, along with a handwritten notation stating "Revoke street time due to

felony conviction." *Id.* at 41 (emphasis in original). Confusingly, however, the Board stated in its Order to Recommit, which it issued contemporaneously with the April 7, 2017, decision, that Petitioner was to forfeit "00Y 00M 00D" of "prior parole liberty" but still owed 1 year, 10 months, and 26 days of backtime and had, as a consequence of this extant backtime, a new maximum date of January 26, 2019. *Id.* at 57.

On April 25, 2017, Petitioner filed an administrative remedies form, wherein he argued that the Board erred by not awarding him proper credit for the time he was held on the Board's detainer, "tak[ing his] street time without delinquency," unlawfully extending the length of his judicially imposed prison sentence "by changing the max[imum] date of [Petitioner's] sentence without any delinquency time owed," and "forc[ing]" Petitioner to agree to an "illegal contract" by virtue of requiring him to sign certain paperwork prior to being paroled in 2015. *Id.* at 59-67. Under the administrative remedies form's administrative appeal section, Petitioner checked boxes for "Insufficient Evidence" and "Violation of Constitutional Law (due process, double jeopardy, etc.)." *Id.* at 59. In the administrative remedies form's petition for administrative review section, he checked the box for "Sentence Credit Challenge." *Id*. On June 26, 2018, the Board responded via a letter in which it affirmed its April 7, 2017, decision and stated, without elaboration, that "there is no indication that the Board failed to appropriately recalculate [Petitioner's] maximum date[.]" *Id.* at 68.

3

On August 10, 2018, Petitioner filed his Petition for Review,[1] followed by a brief in support of his Petition for Review on October 14, 2018.[2] Therein, Petitioner argues, in a rather confusing manner, that the Board erred by failing to provide an explanation for why it had declined to award him credit for time served at liberty on parole. Petitioner's Br. at 9-10.[3] Petitioner asserts that credit for this street time

---

[1] Petitioner filed a mandamus action against the Board in the Commonwealth Court on June 20, 2018, through which he sought to compel the Board to rule upon his administrative remedies form. *See Manigo v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 455 M.D. 2018, filed July 26, 2018). We dismissed this suit via a *per curiam* order on July 26, 2018, due to the Board's June 26, 2018, ruling, which effectively mooted Petitioner's request for mandamus relief. Commonwealth Court Order, 7/26/18, at 1. In addition, we gave Petitioner "30 days from the exit date of this order [*i.e.*, July 27, 2018,]" to petition for review of the Board's June 26, 2018, ruling. *Id.*

[2] We initially appointed the Public Defender of Luzerne County to represent Petitioner in this matter. Commonwealth Court Order, 8/16/18, at 1. Petitioner subsequently filed an Application for Relief on September 5, 2018, in which he requested leave to handle this matter *pro se*, rather than with the assistance of counsel. Motion to Proceed *Pro Se* at 1-2, Ex. A. We granted Petitioner's Application for Relief on September 11, 2018, vacated our August 16, 2018, order, and directed the Commonwealth Court's Chief Clerk to "designate [P]etitioner as representing himself." Commonwealth Court Order, 9/11/18, at 1.

[3] Subsection 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) states:
> The [B]oard may, in its discretion, award credit to a parolee recommitted under [Subsection 6138(a)](2) [of the Parole Code] for the time spent at liberty on parole, unless any of the following apply:
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> > (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

4

should have been counted towards "his new sentence." *Id.* at 13-14. In addition, Petitioner claims the Board incorrectly calculated his maximum date by virtue of not giving him credit for street time, and failed to properly credit him for the time he was held while on the Board's detainer. *Id.* at 11-12, 14-15.

The Board responded in opposition by filing its own Brief on December 11, 2018. The Board argued that it had properly calculated Petitioner's maximum date, that the Board did not owe Petitioner credit for the time he had served in presentence detention, and that Petitioner had waived his argument regarding the Board's alleged failure to properly explain why it had not given him credit for street time. Board's Br. at 6-8.

Here, the recalculated maximum date on Petitioner's original 2014 sentence was January 26, 2019. Therefore, it appears that Petitioner has already completed the full term of that sentence. As this Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.*

In the instant matter, we note that Petitioner is still currently incarcerated at State Correctional Institution - Dallas. *See Inmate Locator*, PA. DEP'T OF CORR.,

---

Our Supreme Court has held that, "in order to effectuate the dictates of the Pennsylvania Constitution, to honor the basic notions of due process, and to comport with the intent of the General Assembly in enacting Subsection 6138(a)(2.1), . . . the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017).

http://inmatelocator.cor.pa.gov (last visited June 10, 2019). By law, Petitioner must have first completed the backtime imposed by the Board pertaining to his original 2014 sentence before starting to serve his more recent 2016 state sentence. *See* 61 Pa. C.S. § 6138(a)(5)(i). However, if Petitioner's claims are accurate (*i.e.*, the Board did not properly explain why it declined to give him credit for street time, incorrectly calculated his maximum date by virtue of not giving him credit for street time, and failed to appropriately credit him for time served on the Board's detainer), then it is possible that the Board may have erroneously impeded Petitioner's ability to start serving his 2016 sentence and, thus, improperly delayed his ultimate release from state custody. Consequently, we find that Petitioner may "suffer some detriment without [our] court's decision[,]" *Taylor*, 746 A.2d at 674. For this reason, we find that Petitioner's arguments are thus reviewable under an exception to the mootness doctrine.

Preliminarily, we find that Petitioner did not waive his claim that the Board failed to provide a proper, contemporaneous explanation for why it declined to give him credit for time served at liberty on parole. Given that Petitioner specifically indicated to the Board that he was making a sentence credit challenge and took issue with the Board's failure to credit him for time served at liberty on parole, he has preserved this issue for our consideration. *See Johnson v. Pa. Bd. of Prob. & Parole*, 206 A.3d 88, 93-94 (Pa. Cmwlth. 2019) (checking sentence credit challenge box on administrative remedies form, coupled with disputing Board's time calculations, preserved *Pittman* claim for appellate review); *Anderson v. Talaber*, 171 A.3d 355, 361 (Pa. Cmwlth. 2017) (a claim that the Board improperly failed to award credit for street time "fairly encompasses the argument addressed in *Pittman*").

6

We also note both the Board's April 7, 2017, decision and Petitioner's April 25, 2017, administrative remedies form were mailed shortly before *Pittman* was decided on April 26, 2017, while the Board's June 26, 2018, ruling affirming the April 7, 2017, decision was issued after *Pittman*. This fact pattern is similar to that of *Plummer v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1484 C.D. 2017, filed May 14, 2018), 2018 WL 2187872.[4] In *Plummer*, we reasoned that

> [s]ince applicable law did not require the Board to explain its credit decision when Plummer filed his administrative appeal, he did not question the Board's lack of explanation.
>
> . . .
>
> Therefore, the petition for review was Plummer's earliest opportunity to question the denial of credit for time spent at liberty on parole based on the Board's failure to explain its credit decision.

Slip op. at 7-8, 2018 WL 2187872 at *3-4. Like Plummer, Petitioner's first chance to specifically invoke the holding of *Pittman* in support of his request for relief came when he filed his Petition for Review, which provides another basis for deeming the Board's waiver argument to be without merit.

Turning to the substance of Petitioner's argument, we again note the striking similarities between this matter and *Plummer*. In *Plummer*,

> the [Board's] Recommitment Order stated "00Y 00M 00D" [which] corresponded to forfeiture [of] Plummer's time spent at liberty on parole. . . . It also stated 619 days of "[backtime] owed." . . . The Board added that time to Plummer's original maximum sentence date, for a recomputed maximum date of November 26, 2017.

---

[4] *See* Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

At a minimum, due process required the Board to articulate a reason for its adverse decisions. *Pittman*. Here, the Board provided no notice to Plummer in its Recommitment Order that it was forfeiting his time spent at liberty on parole.

At the time Plummer filed his administrative appeal, it was unclear whether the Board was crediting or denying his time spent at liberty on parole. The Recommitment Order, on its face, did not address his time at liberty on parole. So the Board erred either by stating zero time was forfeited, or adding time to the maximum sentence date. Plummer had no notice as to the Board's intention until he received the Board's order denying his administrative appeal, 15 months later. Only then did the Board inform Plummer that it was forfeiting his time spent at liberty on parole.

The Supreme Court decided *Pittman* on **April 26, 2017**. The Board affirmed its Recommitment Order almost six months later, on October 5, 2017. In that decision, it advised Plummer that his new maximum sentence date was calculated by forfeiting his time spent at liberty on parole. . . . Plummer had no prior notice as to this denial of credit for his street time. Nonetheless, the Board did not explain its reasons for denying credit for the time Plummer spent at liberty on parole.

Slip op. at 9-10, 2018 WL 2187872 at *4 (some internal citations omitted and emphasis in original).

Like in *Plummer*, the Board failed here to articulate a consistent position as to whether it had chosen to award street time credit to Petitioner and, instead, gave Petitioner confusing and contradictory information through its April 7, 2017, decision, as well as the contemporaneous Hearing Report and Order to Recommit. Additionally, unlike in *Plummer*, the Board did not subsequently address the issue of street time in its response to Petitioner's administrative remedies form, let alone

8

provide Petitioner with a clear and suitable explanation therein for why he had or had not received credit for time served at liberty on parole. These lapses by the Board contravene both legislative intent and case law.[5]

Petitioner's remaining argument is that the Board should have given him credit for time served on the Board's detainer between his arrest on January 8, 2016, and his sentencing on the new charges on March 2, 2017. *See* Petitioner's Br. at 10-15. This claim is without merit. After his Scranton arrest, Petitioner did not remain in county custody solely on the Board's detainer, but also for failure to post bail on the new charges. Thus, any credit that Petitioner served in presentence detention was required to be credited towards the sentence he received on March 2, 2017, not towards the backtime imposed by the Board. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).

Therefore, we affirm the Board's June 26, 2018, ruling with regard to credit for time served on the Board's detainer, but otherwise vacate this ruling and remand to the Board with instructions to explain the discrepancies contained in its April 7, 2017, decision, the Hearing Report, and the Order to Recommit, as well as whether the Board intended to give Petitioner credit for street time. If necessary, the Board may issue an Amended Order to Recommit, but must provide a suitable explanation

---

[5] There is substantial overlap between this claim and Petitioner's second argument, which is, in essence, that the Board erroneously calculated his maximum date by virtue of not giving him credit for street time. *See* Petitioner's Br. at 10-15. Therefore, and in light of our ultimate holding in this matter, we find it unnecessary to address this second argument to any additional degree.

in the event it elects to deny Petitioner such credit, in keeping with the dictates of *Pittman*.[6]

_____
ELLEN CEISLER, Judge

---

[6] Furthermore, we cannot excuse the Board's egregious, 14-month delay in ruling upon Petitioner's administrative remedies form, by virtue of which the Board effectively ran out most of the clock on Petitioner's 2014 sentence. Though we recognize that the Board has limited manpower to deal with the volume of administrative challenges which it receives, we remind the Board that it must nonetheless fulfill its statutory duties, and its obligations to those under its supervision, with diligence and reasonable promptitude. As the founder of our Commonwealth once recognized, "to delay Justice is Injustice." WILLIAM PENN, SOME FRUITS OF SOLITUDE 86 (Headley Bros. 1905) (1693).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan Manigo, : 
    Petitioner : 
       : 
  v. : No. 1125 C.D. 2018
       : 
Pennsylvania Board of Probation and : 
Parole, : 
    Respondent : 

# **O R D E R**

AND NOW, this 26th day of June, 2019, the Pennsylvania Board of Probation and Parole's (Board) June 26, 2018, ruling is AFFIRMED IN PART and VACATED IN PART. This matter is REMANDED to the Board for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge