IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavelle A. Johnson, Jr.,             :
                    Petitioner    :
                                    :
            v.              :
                                    :
Pennsylvania Board of         :
Probation and Parole,         :   No. 750 C.D. 2018
                 Respondent   :   Submitted: October 26, 2018


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY
JUDGE COVEY                        FILED:  March 22, 2019

Lavelle A. Johnson, Jr. (Johnson) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 2, 2018 order denying his request for administrative relief. Johnson presents one issue for this Court's review: whether the Board erred by failing to consider granting Johnson credit for time spent at liberty on parole. After review, we affirm.

Johnson is an inmate at the State Correctional Institution (SCI) at Fayette. On November 3, 2010, Johnson was sentenced to 3 to 6 years of incarceration for the manufacture/sale/delivery or intent to deliver a controlled substance to which Johnson pled guilty (Original Sentence). At that time, his maximum sentence release date was January 19, 2016. On October 24, 2011, the Board directed that Johnson be released on parole to Quehanna Boot Camp on November 22, 2011. On December 2, 2013, Johnson was recommitted on technical parole violations, *see* Certified Record (C.R.) at 88-90, but that same date, the Board directed that Johnson be paroled on January 12, 2014. *See* C.R. at 93. As a condition of his parole, Johnson agreed to specific conditions, including:

> If you are convicted of a crime committed while on parole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled, with no credit for time at liberty on parole.

C.R. at 94.

On November 23, 2014, Johnson was arrested for, *inter alia*, various new drug offenses (Drug Charges). *See* C.R. at 97-105. On the same date, the Board lodged a warrant to commit and detain Johnson pending disposition of the Drug Charges. *See* C.R. at 106. On November 24, 2014, the Board issued a notice of the Drug Charges and Johnson's related technical parole violation. *See* C.R. at 109. Johnson waived his right to counsel and a detention hearing. *See* C.R. at 107. However, on December 19, 2014, counsel entered an appearance for Johnson and a hearing was scheduled. *See* C.R. at 122-124.

On February 5, 2015, the Board voted to await the outcome of Johnson's Drug Charges before taking action. *See* C.R. at 127. On January 19, 2016, Johnson's Original Sentence expired and he was released. *See* C.R. at 168. However, on March 25, 2016, the Board "declare[d] [Johnson] delinquent for control purposes." C.R. at 133. On April 4, 2017, Johnson was found guilty of the Drug Charges. *See* C.R. at 139, 196. On April 5, 2017, the Board re-lodged its warrant to commit and detain Johnson. *See* C.R. at 134. On April 24, 2017, Johnson waived his right to a revocation hearing. *See* C.R. at 154. According to the Board's Hearing Report, signed by the second Board member on May 12, 2017,[1] the Board voted to recommit Johnson as a convicted parole violator (CPV), and denied him credit for time spent at liberty on parole. *See* C.R. at 146, 148-149. The Board checked the "No" box for "[c]redit time

---

[1] A Board action is not valid until at least two Board members sign the Hearing Report. *See* Section 6113 of the Prisons and Parole Code, 61 Pa.C.S. § 6113.

2

spent at liberty on parole[,]" C.R. at 148, and explained on the same form under "Additional Information":

> [Johnson] should not be given credit for time spent at liberty. He was being supervised for a drug offense when he committed this new drug offense. It also dealt with a large quantity of heroin. [Johnson] reached his original max date of 1/19/16 and was subsequently declared delinquent for control purposes.

*See* C.R. at 153.

On June 27, 2017, Johnson was sentenced to 1 to 2 years of imprisonment on the Drug Charges. *See* C.R. at 139, 175. He negotiated a guilty plea to a pending driving under the influence charge (DUI Charge) on the same date and was sentenced to six months of probation. *See* C.R. at 193-194, 200. By July 16, 2017 decision (mailed August 18, 2017), because Johnson had a new conviction and he was "[n]ot amenable to parole supervision[,]" the Board recommitted Johnson as a CPV to serve 36 months of backtime, pending his return to an SCI. C.R. at 166; *see also* C.R. at 167. On September 1, 2017, the Board recorded a decision (mailed September 19, 2017), wherein it took note of Johnson's DUI Charge conviction, and determined to "take no further action as to that conviction," but rather referred to the Board's July 16, 2017 recommitment. C.R. at 221; *see also* C.R. at 166. At that time, Johnson's new maximum release date was January 5, 2020. *See* C.R. at 221.

On September 11, 2017, Johnson filed a timely pro se administrative appeal with the Board. On the administrative remedies form, Johnson explained: "I am not personally equipped to explain all reasons of this appeal[,] but I will be contacting counsel to handle that matter." C.R. at 225. The administrative remedies form also requested:

> *Petition for Administrative Review (appeal of a revocation decision regarding sentence calculations)*:

3

Check the Reason(s) for Relief and *Explain*:

☐ Sentence Credit Challenge     ☐ Reparole Eligibility Date

☐ Order of Service of Sentences ☐ Other

Explanation: _____

C.R. at 225. Johnson checked the Sentence Credit Challenge, Order of Service of Sentences and Reparole Eligibility Date boxes, and provided the explanation: "All calculations were wrong!!!" *Id.*

By November 12, 2017 letter received by the Board on December 8, 2017, Johnson requested the status of his appeal.[2] *See* C.R. at 227. On May 2, 2018, the Board affirmed its July 16, 2017 decision (mailed August 18, 2017), explaining:

> This is a response to correspondence received from you on September 11, 2017. Because you are questioning your time calculations, your request is a petition for administrative review from the [B]oard action recorded July 16, 2017 (mailed August 18, 2017).
>
> The decision in question recommits you as a [CPV] to serve 36 months['] backtime when available. The 'when available' language indicates that you were not available to re-start service of your [O]riginal [S]entence at the time of the [B]oard's decision. In this case, you were unavailable

---

[2] In the interim, Johnson filed a parole application on March 1, 2018. *See* C.R. at 232. The Board responded, *inter alia*, that "[i]n order to appeal [his] recommitment, [Johnson] needed to submit the appeal in 2017." C.R. at 232. Also on March 1, 2018, Johnson requested another administrative remedies form to further challenge his hearing waiver. *See* C.R. at 229-230. By April 9, 2018 letter, Johnson clarified that he was appealing from the Board's July 16, 2017 recommitment decision. *See* C.R. at 233. On May 2, 2018, the Board acknowledged receiving Johnson's November 12, 2017 and April 9, 2018 letters and stated that since an appeal from the Board's recalculation of his maximum sentence release date was due by October 19, 2017, his November 12, 2017 and April 9, 2018 requests for relief therein were untimely. *See* C.R. at 239. However, Johnson's appeal from the Board's recalculation was timely. Section 73.1 of the Board's Regulations state that "[a]ppeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order." 37 Pa. Code § 73.1(a)(1). Here, the Board's July 16, 2017 decision was mailed on August 18, 2017. A timely appeal therefrom had to be received by the Board no later than September 18, 2017. The Board received Johnson's appeal on September 11, 2017. *See* C.R. at 225.

because you had not yet been returned to a[n SCI]. Additionally, until you became available to serve your [O]riginal [S]entence, a recalculation decision, including any potential credit, could not be finalized. Thus, the Board properly recommitted you when available pending your return to a[n SCI].

*See* C.R. at 237. Johnson appealed to this Court.[3]

Initially,

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that

> [a] parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

61 Pa. C.S. § 6138(a)(1). Where the [Board] determines to recommit a parolee as a [CPV],

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, '[t]he [Board] may, in its discretion, award credit to a parolee recommitted . . . for the time spent at liberty on parole,' with three enumerated exceptions, none of which are applicable in this case. 61 Pa. C.S. § 6138(a)(2.1).

---

[3] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

> Recently, in *Pittman* [*v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017)[4]], our Supreme Court explained that, when the [Board] exercises its discretion under Section 6138(a)(2.1) [of the Parole Code], it 'must articulate the basis for its decision to grant or deny a [CPV] credit for time served at liberty on parole.' [*Pittman*,] 159 A.3d at 474.

*Smoak v. Talaber*, 193 A.3d 1160, 1163-64 (Pa. Cmwlth. 2018) (footnotes omitted).

Johnson asserts in the Statement of Questions Involved portion of his brief to this Court that the Board abused its discretion when recommitting him as a CPV by failing to consider whether to grant him credit for the time he spent at liberty on parole (*i.e.*, street time).[5] *See* Johnson Br. at 7. In the Summary of Argument and Argument portions of his brief, Johnson more specifically argues that the Board failed to articulate the basis for its decision to deny him street time credit as *Pittman* mandates. *See* Johnson Br. at 9-13.

Preliminarily, the Board argues that Johnson waived his *Pittman* challenge by failing to raise it in his September 11, 2017 appeal to the Board. However, in *Anderson v. Talaber*, 171 A.3d 355 (Pa. Cmwlth. 2017), this Court concluded that a challenge to the Board's discretion to award credit for time spent in good standing on parole *plus* reference to the parolee's eligibility under Section 6138(a)(2.1) of the Parole Code "fairly encompasse[d] the argument addressed in *Pittman*." *Anderson*, 171 A.3d at 361. More recently, this Court ruled that a *Pittman* challenge is fairly subsumed within a parolee's sentence credit challenge. *See Cherry v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 623 C.D. 2018, filed November 15, 2018)[6] slip op. at 5 n.4

---

[4] *Pittman* was decided on April 26, 2017.

[5] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[6] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported cases cited herein are quoted for their persuasive value.

(Timely raising the issue of whether a parolee should receive street time credit "is sufficient to encompass challenges to the Board's reasons for the denial of credit and preserve his right to appeal to this Court."); *see also Oliver v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1335 C.D. 2017, filed May 24, 2018), slip op. at 9 (A *Pittman* challenge "is fairly subsumed within the issue of credit for time spent at liberty on parole as raised in the administrative appeal forms[]" and, thus, "[gives] the Board sufficient notice that [the parolee is] questioning the Board's reasoning for the denial of credit."); *Plummer v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1484 C.D. 2017, filed May 14, 2018) slip op. at 8 (In *Anderson*, this Court "reasoned a parolee did not need to specifically argue an abuse of discretion under *Pittman* as long as he challenged the Board's denial of street time.").[7]

Here, by checking the "Sentence Credit Challenge" box on his administrative remedies form and specifying that "[a]ll calculations were wrong," Johnson clearly took issue with the Board's sentence credit calculation, which necessarily implicated his street time. C.R. at 225. The Court notes that the record is

---

[7] Whether a parolee adequately preserved his appealed issues was also raised in *Cooper v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth. No. 48 C.D. 2018, filed August 7, 2018) and *Headley v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth. No. 2553 C.D. 2015, filed May 2, 2018). However, *Cooper* and *Headley* are factually distinguishable from the instant matter.

In *Cooper*, the parolee argued for the first time on appeal to this Court that the Board failed to state why it did not award him credit for time he spent at liberty on parole. Under circumstances in which the parolee did not previously select the Sentence Credit Challenge box on the administrative relief form, and claimed only that the Board improperly extended his maximum sentence by failing to credit him for his halfway house time, this Court held that the parolee waived his *Pittman* challenge. In the instant case, Johnson selected the Sentence Credit Challenge box on the administrative relief form.

In *Headley*, on appeal to the Board, the parolee challenged the Board's authority to extend his judicially-imposed sentence. He marked the Sentence Credit Challenge box on the administrative relief form and stated "illegally changed." On appeal to this Court, the parolee argued for the first time that he should have been credited for his street time. This Court concluded that because the parolee raised the credit issue for the first time on appeal to this Court, he waived it. Here, Johnson did not limit his appeal to whether the Board altered his judicially-imposed sentence.

unclear as to whether Johnson received a copy of the Hearing Report and/or the Board's *Pittman* explanation. That explanation was absent from the Board's September 1, 2017 decision (mailed September 19, 2017) wherein Johnson's new sentence calculation was pronounced. *See* C.R. at 221. Nor was the Board's *Pittman* explanation contained in the July 16, 2017 decision (mailed August 18, 2017) to which the September 1, 2017 decision referred. *See* C.R. at 166-167. It was also missing from the Board's May 2, 2018 decision affirming the Board's July 16, 2017 action. In fact, the record is devoid of any documentation showing that the Board communicated to Johnson the reason he was denied credit for his street time. Moreover, Johnson's claim on appeal that the Board failed to issue a *Pittman* explanation, when it obviously did, supports a reasonable conclusion that Johnson was never notified of the Board's *Pittman* statement. Finally, because the record supports the conclusion that the Board failed to apprise Johnson of its *Pittman* explanation, the Board was on notice that Johnson's sentence calculation challenge included a *Pittman* challenge.[8] Under the circumstances, this Court holds that Johnson did not waive his *Pittman* challenge.

Notwithstanding, the record reflects that the Board specified in its Hearing Report that Johnson was not entitled to credit for time spent at liberty on parole because "[h]e was being supervised for a drug offense when he committed this new drug offense. It also dealt with a large quantity of heroin." C.R. at 153. Accordingly, the Board's contemporaneous explanation for its decision not to credit Johnson with time he spent at liberty on parole complied with *Pittman*.

---

[8] Ambiguous forms will be construed against the drafting government agency. *See DeNaples v. Pa. Gaming Control Bd.*, 178 A.3d 262 (Pa. Cmwlth. 2018). This Court strongly suggests that rather than perpetuating a game of waiver "gotcha," and/or having to presume in perpetuity that a *Pittman* challenge is subsumed within a parolee's sentence credit challenge, the Board could simply revise the administrative remedies form to include a separate *Pittman* challenge box.

For the above reasons, we reject Johnson's argument on appeal and affirm the Board's decision.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavelle A. Johnson, Jr.,  :
                  Petitioner  :
                                  :
                  v.  :
                                  :
Pennsylvania Board of  :
Probation and Parole,  :   No. 750 C.D. 2018
                  Respondent  :

## O R D E R

AND NOW, this 22nd day of March, 2019, the Pennsylvania Board of Probation and Parole's May 2, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge