# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Currie, Jr., : 
           Petitioner : 
            : 
      v. : 
            : 
Pennsylvania Board of : 
Probation and Parole, :     No. 206 C.D. 2019
           Respondent :     Submitted: July 12, 2019


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                 FILED: August 16, 2019

Wayne Currie, Jr. (Currie) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) January 18, 2019 order denying his request for administrative relief. Currie presents three issues for this Court's review: (1) whether the Board erred by recalculating his maximum sentence release date to exceed his underlying sentence; (2) whether the Board erred by unlawfully punishing him pursuant to an illegal contract governing his judicially imposed sentence; and (3) whether the Board erred by denying Currie credit for time spent at liberty on parole, and by not giving him a contemporaneous explanation therefor, in violation of the Supreme Court's ruling in *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017).[1] After review, we affirm.

---

[1] *Pittman* was decided on April 26, 2017. Therein,

> our Supreme Court explained that, when the [Board] exercises its discretion under Section 6138(a)(2.1) [of the Prisons and Parole Code (Parole Code)], it 'must articulate the basis for its decision to grant or deny a [convicted parole violator] credit for time served at liberty on

On April 9, 2014, the Board voted to parole Currie from his 3-year, 5-month to 13½-year sentence for drug charges (Original Sentence). *See* Certified Record (C.R.) at 2, 4-6. Currie was released on parole on July 1, 2014. *See* C.R. at 6. At that time, Currie had 3,684 days (*i.e.*, 10 years and 1 month) remaining on his Original Sentence, and his maximum release date was August 1, 2024. *See* C.R. at 5-6, 70. As a condition of his parole, on June 30, 2014, Currie signed and, therefore, agreed to Conditions of Parole/Reparole (Parole Conditions), including, *inter alia*:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> . . . .
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[2]].

C.R. at 7; *see also* C.R. at 8-9.

> parole.' [*Pittman*,] 159 A.3d at 474. Simply checking 'no' on the standard hearing report does not suffice. The Supreme Court noted that 'the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances.' *Id.* at 475 n.12. The [Board] must issue a contemporaneous statement of reasons as to why it denied a convicted parole violator credit for time spent at liberty on parole; where the Board fails to do so, this Court will remand for the Board to set forth its reasons.

*Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018).

[2] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

On January 21, 2016, a criminal complaint was filed against Currie in Lackawanna County, and he was again arrested for drug possession (New Charges). *See* C.R. at 12-16. On that same day, the Board issued a warrant to commit and detain him. *See* C.R. at 11. Currie did not post bail on the New Charges, and he was incarcerated at Lackawanna County prison. *See* C.R. at 17. On February 4, 2016, Currie waived his right to counsel and a detention hearing. *See* C.R. at 21-24. On March 11, 2016, the Board voted to continue detaining Currie pending disposition of his New Charges. *See* C.R. at 24-25. On March 1, 2017, Currie pled guilty to the New Charges and was sentenced to incarceration at a State Correctional Institution (SCI) for 15 months to 2½ years, followed by 4 years of probation. *See* C.R. at 41-53, 61, 71. On April 5, 2017, Currie was transferred to SCI-Graterford. *See* C.R. at 33, 69.

On May 3, 2017, Currie waived his right to a panel hearing. *See* C.R. at 27, 60. On May 4, 2017, the Board issued a notice of charges indicating that a revocation hearing would be held on Currie's New Charges on May 23, 2017. *See* C.R. at 31. On May 23, 2017, the Board conducted the hearing, at which Currie waived his right to counsel and admitted to the New Charges. *See* C.R. at 32, 58-59, 64. On June 7, 2017, the second panel member voted to recommit Currie as a convicted parole violator (CPV).[3] *See* C.R. at 33-40. According to the Hearing Report, the Board denied Currie credit for time spent at liberty on parole and notated "see additional info." C.R. at 35. Under the Hearing Report's "Additional

---

[3] Section 6113(b) of the Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members." 61 Pa.C.S. § 6113(b). "[T]he date that the revocation and recommitment Hearing Report was signed by the second panel member thereby effectively revok[ed] [Currie's] parole . . . ." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 n.3 (Pa. Cmwlth. 2015).

3

Information" section, the Board wrote: "This hearing examiner does not recommend that [Currie] be given credit for time spent on liberty due to [him] being on parole for [drug charges] and [he] has arrests for [drug charges] dating to his juvenile days." C.R. at 40. By decision recorded June 15, 2017 (mailed June 23, 2017), the Board formally recommitted Currie to an SCI to serve 18 months of backtime. *See* C.R. at 35, 72-73. The Board recalculated Currie's Original Sentence maximum release date to July 9, 2027. *See* C.R. at 72, 75.

On July 9, 2017, Currie submitted an Administrative Remedies Form appealing from the Board's recommitment decision alleging that the Board lacked the authority to increase his judicially imposed sentence by changing his maximum sentence release date from August 1, 2024 to July 9, 2027. *See* C.R. at 80. Currie also specifically challenged the Board's sentence calculation. He marked the "Sentence Credit Challenge," "Order of Service of Sentences" and "Reparole Eligibility Date" boxes on the form, and specified that the Board's documents must be "recalculated . . . so that the current maximum date properly reflect[s] the same maximum term . . . date which was ordered by the court." C.R. at 80. In his form entitled "Legal Argument in Support" attached to the Administrative Remedies Form, Currie expounded that the Board improperly imposed a new maximum term that exceeded his judicially imposed sentence, and that the written agreement he executed for his July 1, 2014 parole constituted an illegal contract. *See* C.R. at 82-88.

On January 18, 2019, the Board denied Currie's request for administrative relief and affirmed the Board's decision recorded June 15, 2017 (mailed June 23, 2017). *See* C.R. at 89-90. By February 1, 2019 letter to the Board, Currie requested counsel to assist with an appeal, and enclosed a Writ of Mandamus and Motion to Appeal (Motion) to compel the Board to rule upon his July 9, 2017

4

appeal.[4] *See* C.R. at 92-96. Currie averred in the Motion, *inter alia*, that the Board's failure to credit him with the time he spent in good standing at liberty on parole, "without conducting any individual assessment of the facts and circumstances surrounding his parole revocation [was] contrary to [Section] 6138(a)(2.1) citing Pttiman [sic]. . . ." C.R. at 95. By February 7, 2019 letter, the Board notified Currie that if he wished to have counsel, he would need to contact the public defender's office. The Board did not address the Motion.

Currie asked the Huntingdon County Public Defender's Office for assistance in appealing from the Board's decision recorded June 15, 2017 (mailed June 23, 2017). Nicholas E. Newfield, Esquire (Counsel) was appointed to represent Currie. Counsel filed Currie's Petition for Review based solely upon correspondence he received from Currie which included the Motion.[5] *See* Currie Br. at 25; *see also* C.R. at 93-95; Petition for Review. In the Petition for Review, Counsel stated that, without having the benefit of reviewing relevant documentation, Currie's claims of error are:

> (a) The Board committed error in its calculation of [Currie's] recalculated maximum date by setting a maximum date substantially beyond the time period which [a] parolee can be required to serve on the underlying sentence. Specifically, the Board committed error by failing to comply with the laws of Pennsylvania in certain procedures relating to the order in which [Currie] served his sentences, and improperly causing [Currie] to serve consecutive time.
>
> (b) Further, the Board failed to properly credit time served by [Currie] under the Board's jurisdiction; subsequently,

---

[4] Although it is not clear based on this record, it would appear that Currie had not received the Board's January 18, 2019 decision before he sent the February 1, 2019 letter and Motion.

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

failing to provide a contemporaneous statement explaining the rationale behind its decision to deny credit to [Currie] under [Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code),] 61 Pa.C.S. § 6138(a)(2.1).

Petition for Review at 2.

However, Counsel represented in Currie's brief to this Court:

[Currie], through pro[]se filings, has averred that [the] Board made several errors in relation to his recommitment. In reviewing the claims for [Currie's] first two [issues], it became evident such claims have been addressed by the courts to no avail. I have included a brief explanation as to how these arguments have been ruled on by the [c]ourts.

Currie Br. at 22 n.1. Counsel detailed the Board's authority to deny Currie street time credit under Section 6138(a) of the Parole Code. *See* Currie Br. at 30. Counsel also described that when Currie agreed to his June 30, 2014 Parole Conditions, he did not enter into a contract with the Board but, rather, the Board "simply placed [Currie] on notice of what the Board was legally authorized to do should he violate the terms of his parole . . . ." Currie Br. at 32.

Because it is unclear whether Counsel actually withdrew Currie's claims that the Board erred by recalculating his maximum sentence release date to exceed his Original Sentence and by unlawfully punishing him pursuant to an illegal contract, we will address them herein.

Relative to Currie's recalculated maximum sentence date, Section 6138(a) of the Parole Code provides, in pertinent part:

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, **may at the discretion of the [B]oard be recommitted as a parole violator**.

6

(2) If the parolee's recommitment is so ordered, the parolee **shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole**.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to [f]ederal removal order).

61 Pa.C.S. § 6138(a) (emphasis added).

The Pennsylvania Supreme Court in *Young v. Pennsylvania Board of Probation & Parole*, 409 A.2d 843, 846 (Pa. 1979), rejected the same argument Currie raises herein, stating, in relevant part:

> *It is the Legislature and not the* [*Board*] *that has extended the maximum,* [*expiration*] *date of his original sentence. . . .*
>
> It is thus clear that the [Board] has not, as contended by the petitioner, unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole, . . . .

*Id.* at 846 n.5 (emphasis in original) (quoting *Commonwealth ex rel. Ohodnicki v. Pa. Bd. of Parole*, 211 A.2d 433, 434-35 (Pa. 1965)).  Accordingly, the Board did not

unlawfully extend Currie's maximum sentence but, rather, pursuant to its authority under Section 6138(a) of the Parole Code, required Currie to serve statutorily prescribed backtime.

The General Assembly has also authorized the Board to impose general and special parole conditions. *See* Section 6141 of the Parole Code, 61 Pa.C.S. § 6141 ("The [B]oard may make general rules for the conduct and supervision of persons placed on parole and may, in particular cases, as it deems necessary to effectuate the purpose of parole, prescribe special regulations for particular persons."); *see also* Sections 63.4-63.5, 65.4-65.6, 67.1-67.3 of the Board's Regulations, 37 Pa. Code §§ 63.4-63.5, 65.4-65.6, 67.1-67.3. This Court has explained:

> The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence. Parolees are in a position different from the general population because they are still subject to an extant term of imprisonment and are the focus of society's rehabilitative efforts. Accordingly, parolees are subjected to certain conditions which restrict their activities substantially beyond the ordinary restrictions imposed by law on private citizens. Although the offender's freedom may be substantially restricted, the [Board] is vested with broad powers to fashion appropriate conditions of parole where they are intended to effectuate his rehabilitation and reintegration into society as a law-abiding citizen.

*Hubler v. Pa. Bd. of Prob. & Parole*, 971 A.2d 535, 537 (Pa. Cmwlth. 2009) (quoting *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 638 (Pa. Cmwlth. 2005) (citations and quotation marks omitted)). Accordingly, by signing the Parole Conditions, Currie did not enter into an illegal contract but, rather, acknowledged he was on notice of the Board's authority to lodge a detainer against him if he was arrested on new criminal charges, and "to recommit [him] to serve the balance of [his] sentence .

. . with no credit for time at liberty on parole [(*i.e.*, street time)]" in the event he is convicted of a new crime. C.R. at 7; *see also Jones v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1149 C.D. 2015, filed February 28, 2017).[6]

Based on the foregoing, Counsel's representations regarding Currie's first two issues are legally accurate and in accordance with this Court's precedent. Therefore, this Court holds that those issues have no merit.

As for the remaining issue on appeal – that the Board erred by not awarding him street time credit and by failing to articulate its reason for its denial as *Pittman* requires – the Board argues that since Currie did not raise that specific issue in his Administrative Remedies Form, he waived it. However, when the Board raised a similar waiver defense in *Johnson v. Pennsylvania Board of Probation & Parole*, 206 A.3d 88 (Pa. Cmwlth. 2019), this Court held:

> In *Anderson v. Talaber*, 171 A.3d 355 (Pa. Cmwlth. 2017), this Court concluded that a challenge to the Board's discretion to award credit for time spent in good standing on parole *plus* reference to the parolee's eligibility under Section 6138(a)(2.1) of the Parole Code 'fairly encompasse[d] the argument addressed in *Pittman*.' *Anderson*, 171 A.3d at 361. More recently, this Court ruled that a *Pittman* challenge is fairly subsumed within a parolee's sentence credit challenge. *See Cherry v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 623 C.D. 2018, filed November 15, 2018)[,] slip op. at 5 n.4, 2018 WL 5986135 (Timely raising the issue of whether a parolee should receive street time credit 'is sufficient to encompass challenges to the Board's reasons for the denial of credit and preserve his right to appeal to this Court.'); *see also Oliver v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1335 C.D. 2017, filed May 24, 2018), slip op. at 9, 2018 WL 2341607 (A *Pittman* challenge 'is fairly subsumed within the issue of credit for time spent at liberty on parole as

---

[6] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Jones* is cited herein for its persuasive value.

9

raised in the administrative appeal forms[]' and, thus, '[gives] the Board sufficient notice that [the parolee is] questioning the Board's reasoning for the denial of credit.'); *Plummer v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1484 C.D. 2017, filed May 14, 2018)[,] slip op. at 8, 2018 WL 2187872 (In *Anderson*, this Court 'reasoned a parolee did not need to specifically argue an abuse of discretion under *Pittman* as long as he challenged the Board's denial of street time.').

*Johnson*, 206 A.3d at 92-93.

> Here, by checking the 'Sentence Credit Challenge' box on his [A]dministrative [R]emedies [F]orm and [demanding that the Board recalculate his maximum sentence release date, Currie] clearly took issue with the Board's sentence credit calculation, which necessarily implicated his street time. The Court notes that the record is unclear as to whether [Currie] received a copy of the Hearing Report[, and t]hat explanation was absent from the Board's [decision recorded June 15, 2017 (mailed June 23, 2017),] wherein [Currie's] new sentence calculation was pronounced. . . . It was also missing from the Board's [January 18, 2019] decision affirming the Board's . . . action. In fact, the record is devoid of any documentation showing that the Board communicated to [Currie] the reason he was denied credit for his street time. . . . Finally, because the record supports the conclusion that the Board failed to apprise [Currie] of its *Pittman* explanation, the Board was on notice that [Currie's] sentence calculation challenge included a *Pittman* challenge. Under the circumstances, this Court holds that [Currie] did not waive his *Pittman* challenge.

*Johnson*, 206 A.3d at 93-94 (footnote and internal certified record citations omitted).

Notwithstanding, the Board clearly specified in its Hearing Report that Currie was not entitled to credit for time spent at liberty on parole because he had been "on parole for [drug charges] and [he] has arrests for [drug charges] dating to his juvenile days." C.R. at 40. Because the Board supplied a contemporaneous explanation for its decision not to credit Currie with time he spent at liberty on parole, it satisfied *Pittman* and, thus, Currie's *Pittman* challenge fails.

10

For the above reasons, we reject Currie's arguments on appeal and affirm the Board's order.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Currie, Jr., :
                Petitioner :
                :
          v. :
                :
Pennsylvania Board of :
Probation and Parole, : No. 206 C.D. 2019
          Respondent :

## O R D E R

AND NOW, this 16th day of August, 2019, the Pennsylvania Board of Probation and Parole's January 18, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge