Qaadir Abdul-Aleem,  :
                Petitioner  :
   :
   :
     v.  :
   :
   :
Pennsylvania Board of  :
Probation and Parole,  :   No. 1173 C.D. 2019
                Respondent  :   Submitted: January 31, 2020

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                FILED: April 22, 2020

Qaadir Abdul-Aleem (Abdul-Aleem) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) June 27, 2019 order denying his request for administrative relief. Abdul-Aleem presents three issues for this Court's review: (1) whether the Board improperly extended Abdul-Aleem's judicially imposed sentence by recommitting him to serve the balance of his original sentence; (2) whether the Board failed to properly credit him for the time he served on his parole detainer for his county sentence and for his time spent at liberty on parole; and (3) whether the Board abused its discretion by improperly applying the presumptive range for backtime to be served. After review, we affirm.

On October 17, 2012, Abdul-Aleem pled guilty to charges of Drug Manufacture/Sale/Delivery or Possession with Intent to Deliver and was sentenced to 2½ to 5 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1.

On April 15, 2015, Abdul-Aleem was released on parole from his Original Sentence. *See* C.R. at 4-8. At that time, his maximum release date was September 10, 2017. *See* C.R. at 6. On January 9, 2017, the Board issued a Warrant to Commit and Detain Abdul-Aleem after he was arrested and charged with criminal offenses. *See* C.R. at 9. On February 23, 2017, the charges were dismissed. *See* C.R. at 22.

On May 10, 2017, Abdul-Aleem was again arrested by police on new criminal charges, and on May 11, 2017, the Board issued a Warrant to Commit and Detain him. *See* C.R. at 25, 27. Abdul-Aleem waived his right to a detention hearing, and, while in the Philadelphia County Prison, Abdul-Aleem received a Board decision recorded July 27, 2017 detaining him pending disposition of the criminal charges. *See* C.R. at 37. On June 21, 2018, Abdul-Aleem pled guilty to charges of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance and was sentenced to 6 to 18 months of incarceration from which he was immediately paroled. *See* C.R. at 47. In addition, he was sentenced to two years of probation. *See id.* On July 5, 2018, the Board issued another Warrant to Commit and Detain Abdul-Aleem, and he was transferred to State Correctional Institution (SCI) at Graterford. *See* C.R. at 38. On August 14, 2018, Abdul-Aleem waived his rights to counsel and a hearing, and admitted that his new conviction violated his parole. *See* C.R. at 39. By decision recorded on October 29, 2018 (mailed November 6, 2018) (November 6, 2018 Decision), the Board formally recommitted Abdul-Aleem as a convicted parole violator (CPV) to serve his unexpired term of 2 years, 3 months and 11 days, and recalculated his Original Sentence maximum release date to October 15, 2020. *See* C.R. at 78.

On November 30, 2018, Abdul-Aleem filed a Petition for Administrative Review (Petition) which the Board denied on June 27, 2019. *See* C.R. at 83-84, 95-

2

96. In its response to Abdul-Aleem's Petition, the Board explained:

> [T]he Board recalculated your max[imum sentence release] date to October 15, 2020 based on your recommitment as a [CPV] . . . .
>
> . . . the Board properly recalculated your maximum sentence. You were paroled from a[n] [SCI] on April 15, 2015 with a max[imum sentence release] date of September 10, 2017 leaving you with 879 days remaining on your sentence the day you were released. You were arrested May 11, 2017 by local authorities in Philadelphia County and a [B]oard detainer was lodged the same day; there is no indication you posted bail prior to your original max[imum sentence release] date of September 10, 2017. On June 21, 2018, you were sentenced in a Philadelphia County Court of Common Pleas to a new term of incarceration to be served in the county. Based on these facts, you are not entitled to any pre-sentence credit because you were never solely incarcerated on the [B]oard detainer from the date of your arrest to your sentencing date. You are, however, entitled to confinement credit for 46 days from January 9, 2017 to February 24, 2017. Subtracting 46 from 879 days leaves you with 833 days remaining on your sentence.
>
> The Prisons and Parole Code [(Parole Code)] provides that [CPVs] who are released from a[n] [SCI] and receive a new sentence to be served in a county prison must serve the new sentence first. The record shows that you were paroled from your Philadelphia County sentence the day of sentencing, June 21, 2018, and a [B]oard detainer was subsequently re-lodged July 5, 2018. Thus, you did not become available to begin service of your original sentence until July 5, 2018. Adding 833 days you owe as a [CPV] to that availability date establishes a recalculated max[imum sentence release] date of October 15, 2020.

C.R. at 95-96 (citations omitted). Abdul-Aleem appealed to this Court.[1]

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 206 A.3d 88, 91 n.3 (Pa. Cmwlth. 2019) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

Abdul-Aleem first contends that the Board exceeded its authority by modifying a judicially imposed sentence. Specifically, Abdul-Aleem asserts that "the [Board] does not have proper jurisdiction to impose the additional backtime and thus alter his judicially[ ]imposed original maximum release **date**." Abdul-Aleem Br. at 11 (emphasis added). He further argues that "[t]he judicial termination date of September 10, 2017 creates an additional liberty interest for Abdul-Aleem, and any extension of prison time beyond the judicially[ ]imposed termination date requires minimum due process in a venue of competent jurisdiction to ensure that said liberties are not abrogated." *Id*. at 14. Thus, Abdul-Aleem appears to assert that when recalculating his maximum release date, the maximum sentence **date** rather than the maximum sentence **length** controls.

Initially, Section 6138(a)(1) of the Parole Code provides:

A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

61 Pa.C.S. § 6138(a)(1). Section 6138(a)(2) of the Parole Code requires that if the Board orders a parolee to be recommitted, that parolee must serve the remainder of the term which he would have been compelled to serve had the parole not been granted and shall not receive credit for the time at liberty on parole unless the Board, in its discretion, awards such credit. 61 Pa.C.S. § 6138(a)(2); *see also* 61 Pa.C.S. § 6138(a)(2.1).

This Court acknowledges that "the Board is not permitted to impose backtime which exceeds the entire remaining balance of [a] parolee's unexpired term. The Board can only require that a parolee serve the remaining balance of his

unexpired term since the Board does not have the power to alter a judicially[ ]imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) (citation omitted)). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). Accordingly, here, when the Board imposed backtime, it did not modify a judicially imposed sentence, but instead, required Abdul-Aleem to serve the remainder of the original judicially imposed sentence. Thus, Abdul-Aleem's argument fails.

Abdul-Aleem next argues that the Board failed to properly allocate credit for time he served on his parole detainer for his county sentence and for his time spent at liberty on parole. Specifically, Abdul-Aleem contends:

> Abdul-Aleem was in fact paroled on June 21, 2018 for his new conviction of Possession with Intent to Deliver . . . and then was available to serve the balance of his [O]riginal [S]entence. The Board must comply with . . . *Martin [v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003)] . . . wherein the Commonwealth Court [sic] indicated that [p]etitioner is entitled to time credit for all the time incarcerated that is not attributable to the new sentence.
>
> Abdul-Aleem, therefore asserts that the excess credit extending from June 21, 2018 forward should be applied to his [O]riginal [S]entence.

Abdul-Aleem Br. at 15. The Board responds:

> Abdul-Aleem's reliance on [*Martin*] is misplaced because the *Martin* exception to *Gaito* only applies where an individual is acquitted of the new charges or no new sentence is imposed, and in cases where the time spent in pre-sentence custody exceeds the length of the new sentence.

> **Because Abdul-Aleem was sentenced to county prison for his new crime he was required to serve the new sentence before his [O]riginal [S]entence.** Further, the new sentence must be served consecutively to the [O]riginal [S]entence. Thus, Abdul-Aleem could not resume serving his [O]riginal [S]entence until he was released from his new county sentence, either on parole, or at the expiration of his maximum date.

Board Br. at 7-8 (emphasis added; citations and footnotes omitted).

"Pursuant to *Gaito*, 'this Court consistently held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence.'" *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 674 (Pa. Cmwlth. 2018) (quoting *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007)). "The sole exception to *Gaito's* general rule, set forth in *Martin*, allows pre-sentence credit to be applied to the original sentence 'when [an] offender is incarcerated both on Board detainer and for new charges and receives new sentence of imprisonment that is shorter than [the] term of [the] pre-sentence incarceration[.]'" *Stroud*, 196 A.3d at 676 n.16 (quoting *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 761 n.6 (Pa. 2017)).

Section 6138(a)(5) of the Parole Code provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a[n] [SCI] and the new sentence imposed on the person is to be served in the [SCI].
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

6

> (iii) **In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed**.

61 Pa.C.S. § 6138(a)(5) (emphasis added). Given that Abdul-Aleem was sentenced to a county prison for his new conviction, Section 6138(a)(5) of the Parole Code required him to serve the new sentence before his Original Sentence. As the Board explained in its June 27, 2019 Order:

> [Abdul-Aleem was] paroled from [his] Philadelphia County sentence the day of sentencing, June 21, 2018, and a [B]oard detainer was subsequently re-lodged July 5, 2018. Thus, [he] did not become available to begin service of [his] Original Sentence until July 5, 2018. Adding 833 days [he] owe[d] as a [CPV] to that availability date establishe[d] a recalculated max[imum sentence release] date of October 15, 2020.

C.R. at 96. This Court agrees and concludes that the Board properly allocated Abdul-Aleem's time served in accordance with Section 6138(a)(5) of the Parole Code.

Further, Abdul-Aleem contends that the Board erred and abused its discretion by denying him credit for street time and failing to state sufficient reasons for doing so.

"[T]he Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017).

> The [Pennsylvania] Supreme Court noted [in *Pittman*] that 'the reason the Board gives does not have to be extensive and *a single sentence explanation is likely sufficient in most instances*.' *Id.* at 475 n.12. The [Board] must issue a contemporaneous statement of reasons as to why it denied a [CPV] credit for time spent at liberty on parole; where the Board fails to do so, this Court will remand for the Board to set forth its reasons.

7

*Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018) (emphasis added). Here, the Board explained in its November 6, 2018 Decision its reason for denying Abdul-Aleem credit for time spent at liberty on parole, as "NEW CONVICTION SAME/SIMILAR TO ORIGINAL OFFENSE." C.R. at 65; *see also* C.R. at 50. The Board's explanation adequately supports its denial and is sufficient to explain the Board's action. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 390-91 (Pa. Cmwlth. 2019) (concluding that the Board's explanation that the "new conviction was 'same/similar to the original offense'" provided "sufficient explanation for the Board's decision to deny . . . credit"). Accordingly, the Board properly denied Abdul-Aleem credit for time at liberty on parole and stated sufficient reasons for doing so.

Finally, Abdul-Aleem asserts that the Board abused its discretion by improperly applying the presumptive range for backtime. Abdul-Aleem pled guilty to a felony charge of "Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver" involving heroin, in violation of Section 13 of the Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substances Act).[2] *See* C.R. at 47. Under section 4(1)(ii) of The Controlled Substances Act, 35 P.S. § 780-104(1)(ii), heroin is classified as a Schedule I drug. Section 13(f) of the Controlled Substances Act provides:

> Any person who violates clause . . . (30) of subsection (a) with respect to:
>
> (1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding [**15**] **years**, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

> sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

35 P.S. § 780-113(f) (emphasis added). Thus, Abdul-Aleem's crime was punishable by a maximum 15-year imprisonment penalty.

Section 75.1 of the Board's Regulations entitled "Application of presumptive ranges to [CPVs]" states:

> (a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.
>
> (b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.
>
> (c) The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.
>
> (d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.
>
> (e) The severity ranking of crimes listed in § 75.2 (relating to presumptive ranges for convicted parole violations) is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

37 Pa. Code § 75.1. Section 75.2 of the Board's Regulations provides that the presumptive range for felony drug violations with a maximum 15-year imprisonment penalty is 24 to 36 months. 37 Pa. Code § 75.2. Our Supreme Court has explained that "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Commonwealth*, 574 A.2d 558, 560 (Pa. 1990).

Here, Abdul-Aleem's 27-month and 11-day recommitment term falls within the 24- to 36-month presumptive range, and accordingly, this Court "will not entertain [the] challenge[] to the propriety of the [recommitment term]." *Id.*

      For all of the above reasons, the Board's order is affirmed.


                         _____
                         ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Qaadir Abdul-Aleem, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | No. 1173 C.D. 2019 |
| Respondent | : | |

# O R D E R

AND NOW, this 22nd day of April, 2020, the Pennsylvania Board of Probation and Parole's June 27, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge